[No. 13686. Department Two. — December 17, 1890.]

## THE FIRST NATIONAL BANK OF RIVERSIDE, Respondent, *v.* L. M. HOLT et al., Appellants.

Pleading — Demurrer for Uncertainty — Copy of Note — Indorsements of Payments — Execution. — A complaint alleging that defendants executed their promissory note to the plaintiff upon a certain day, "which note is in the words and figures following," and setting forth a copy of the note, showing indorsements thereon of payments of later date than the date of the note, and alleging a payment upon the note of a sum equal to the sum of the indorsements, is not subject to a special demurrer for uncertainty as to whether the indorsements were a component part of the note at the time of its execution, or were subsequently added, nor as to whether the copy of the note set forth is a copy of the note executed.

Id. — Foreclosure of Mortgage — Reasonable Attorney's Fees. — Where the mortgage provides that, in the event of foreclosure, "reasonable attorney's fees, to be taxed by the court, shall be allowed to plaintiff," an allegation in an action of foreclosure that "two hundred dollars is a reasonable attorney's fee to be allowed to the plaintiff for the collection of the said promissory note, and for the foreclosure of the said mortgage," being limited to the action in hand, is neither ambiguous nor uncertain; and even if the averment were uncertain, it would not be ground of demurrer, as no averment as to what would be a reasonable fee is necessary.

Foreclosure of Mortgage — Findings — Percentage — Appeal — Objection for First Time. — In an action to foreclose a mortgage, where the court finds that there was due to the plaintiff from the defendants a certain sum for "costs, percentage, and necessary disbursements, including attorney's fees," and this sum was included in the judgment, an objection that the court was not authorized to add a percentage to the costs and disbursements cannot be considered for the first time on appeal.

Appeal from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*W. J. McIntyre,* and *H. Goodcell, Jr.,* for Appellants.

*E. B. Stanton,* for Respondent.

Belcher, C. C. — This is an action to foreclose a mortgage. The defendants demurred to the complaint,

and their demurrer was overruled. They failed to answer within the time allowed, and thereupon judgment was entered against them, from which they appeal.

The demurrer was upon the grounds of ambiguity and uncertainty, and it specified three particulars wherein it was claimed that the complaint was defective.

The first specification is, that it does not appear whether the indorsements on the promissory note, set forth in the complaint, were part of the note at the time of its execution, or afterwards written thereon, or whether the said note is a copy of the note executed by the defendants.

The complaint alleges that the defendants executed their promissory note to the plaintiff on December 24, 1888, payable three months after date, " which note is in the words and figures following, to wit "; and then sets forth a copy of the note, with the following words and figures after the signatures:—

" Due March 24, 1889.

[Indorsed]

" January 19, 1889, on Boyd note......$107 30

March 26, 1889, on M. D. Godfrey note  216  00

May 2, 1889, paid...................  268  44 "

It is argued for appellants that the words and figures following the signatures appear, according to the averment, to have been a component part of the note, and yet that they show three dates, all later than the date, and two of them later than the maturity, of the note, which, without explanation, convey the idea that the indorsements were not part of the note as originally made, but were added subsequently; and it said that this idea, being contrary to the apparent averment, and there being no explanation, makes the complaint uncertain in this respect. It is also argued that it does not appear whether or not the note set forth, with or without the indorsements, is a copy of the note executed by the defendants, because from the averment that the " note *is* in the

words and figures following," it is only a matter of inference that it *was* in the same words and figures at the date of its execution; and it is said that an averment which has to be helped out by inference is insufficient as against a special demurrer.

We see no real uncertainty in the averments complained of. The indorsements were evidently intended to represent payments made and credited upon the note at the dates shown thereon. These payments aggregate the sum of $591.74, and the complaint alleges " that the said defendants have paid upon the note hereinbefore set forth . . . . the sum of five hundred and ninety-one and seventy-four hundredths dollars, and there is now due and unpaid upon the said promissory note from the said defendants to the said plaintiff the sum of sixteen hundred and sixteen and sixty-three hundredths dollars, together with interest," etc. The last-mentioned sum is just the amount of the principal of the note, less the amount of the payments indorsed thereon. Looking, then, at the whole complaint, it is clear that there was no such uncertainty in its averments as could create or leave in the minds of the defendants any reasonable doubt as to their meaning; and this being so, the complaint must be held sufficiently certain to meet the requirements of the law. The objection that it does not appear that the note set forth in the complaint is a copy of the note executed by the defendants is not even plausible. The complaint alleges that, on the twenty-fourth day of December, 1888, the defendants " made, executed, and delivered to the plaintiff their promissory note, bearing date on that day, which note is in the words and figures following." This certainly leaves no room for doubt or cavil that the note set forth is a copy of the note executed.

The second specification is, that " it does not appear at what time the $591.74 credited upon the note was paid, and it therefore does not appear upon what amount

or from what time interest should be computed thereon." This objection is sufficiently answered by what has already been said; and besides, the payments were credited upon the principal of the note, and there was therefore no uncertainty as to how the interest on the balance should be computed.

The third specification is, that "it does not appear what would be a reasonable attorney's fee for the plaintiff in this action."

The mortgage, as shown by the complaint, provides that, in the event of foreclosure, "reasonable attorney's fees, to be taxed by the court, shall be allowed to the plaintiff." And it is alleged "that two hundred dollars is a reasonable attorney's fee to be allowed to the plaintiff for the collection of the said promissory note, and for the foreclosure of the said mortgage."

In this state there can be but one action for the recovery of any debt secured by mortgage. (Code Civ. Proc., sec. 726.) The obvious purpose of this action was to recover the amount due on the note set out, by a foreclosure of the mortgage and the sale of the mortgaged property. And it was only to aid the plaintiff in accomplishing these ends that the allowance of an attorney's fee was authorized by the mortgage, and was asked for in the complaint. The averment that the sum claimed was a reasonable fee for the collection of the note *and* foreclosure of the mortgage was limited to the action in hand, and was therefore neither ambiguous nor uncertain. Besides, if the averment were uncertain, as claimed, still that fact would not aid the appellants here, for the reason that no averment as to what would be a reasonable fee was necessary. (*Carriere* v. *Minturn*, 5 Cal. 435; *Monroe* v. *Fohl*, 72 Cal. 571.)

The court found that there was due to the plaintiff from the defendants the sum of $162.15 for "costs, percentage, and necessary disbursements, including attorney's fees," and this sum was included in the judgment.

LXXXVII. CAL.—11

It is objected that there was no provision of law authorizing the court to add a *percentage* to the costs and disbursements, and that the judgment is therefore, in this particular, clearly erroneous. But it does not appear that any portion of the sum allowed was for percentage; and if such was the fact, the defendants should have raised the point in the court below, where the error, if any, might readily have been corrected.

We see no error in the record, and therefore advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.