[Civ. No. 1425.   First Appellate District.—March 23, 1915.]

## WILLIAM WILSON COMPANY (a Corporation), Respondent, v. JOHN TRAINOR et al., Appellants.

UNLAWFUL DETAINER—JUDGMENT-ROLL—FAILURE TO INCLUDE AFFIDAVITS FOR ORDER OF PUBLICATION OF SUMMONS—WHEN NOT REVERSIBLE ERROR.—Upon a direct attack by appeal the judgment in an action in unlawful detainer cannot be held to be void merely because the affidavits upon which the order for publication of summons was granted do not appear in the judgment-roll as required by section 670 of the Code of Civil Procedure.

ID.—ORDER FOR PUBLICATION OF SUMMONS—JURISDICTIONAL FACTS—OMISSION OF PROOF—PRESUMPTION.—In such a case the order for publication of summons was not defective because it did not include the proof upon which the court found the existence of the jurisdictional facts necessary to making the order, as the order having been made, it will be presumed that the jurisdictional facts necessary were duly established.

ID.—PLEADING—CORPORATE CAPACITY—FORFEITURE OF FRANCHISE—DENIAL ON INFORMATION AND BELIEF—WHEN INSUFFICIENT.—The allegations of the corporate capacity and existence of the plaintiff could not be successfully denied on information and belief because the plaintiff had failed to pay its license-tax and might, therefore, unknown to the defendant, have lost its corporate character by operation of law, as such forfeiture would not result until the required acts by the secretary of state or governor proclaiming the forfeiture, which acts become matters of public record, and the existence of facts which can be ascertained from public records cannot be put in issue by denial solely on information and belief.

ID.—PLEADING—ATTORNEY'S FEES.—Where the complaint alleged that the lease provided for the allowance of an attorney's fee not to exceed a certain amount, which might be taxed as part of the costs of the action, and this allegation was not denied but the answer denied the reasonableness of the maximum sum provided in the lease and claimed in plaintiff's complaint, the plaintiff's right to attorney's fees was an admitted fact of the case; and it was the duty of the court to ascertain and allow a reasonable fee within the limited sum fixed by the condition of the contract, and it was unnecessary in plaintiff's complaint to allege that any specific sum was a reasonable fee, and where the court fixed the amount at a sum much less than that specified in the lease, defendant was not prejudiced

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellants.

Percy E. Towne, for Respondent.

.THE COURT.—This is an appeal upon behalf of both defendants from a judgment in an action of unlawful detainer.

Upon a direct attack by appeal the judgment cannot be held to be void merely because the affidavits upon which the order for publication of summons was granted, do not appear in the judgment-roll as is required by section 670 of the Code of Civil Procedure. It appears from the order for publication upon which the default of the defendant John Trainor was entered, that the affidavits made in support of the order for publication were on file in the action, and that they were subsequently offered and received in evidence upon the hearing of a motion to quash the service of summons. It thus clearly appears from the record before us that the affidavits referred to in the order were in existence prior to the time of the making of the order. No claim or showing was made that the affidavits were insufficient to support the order, and the failure of the clerk of the court to perform the ministerial duty of including in the judgment-roll necessary papers which were on file and available, cannot be considered as a ground for reversal. If in fact no affidavits in support of the order had been made that could and should have been affirmatively shown in the record upon appeal, and in the absence of such a showing the judgment upon direct attack must be presumed to be correct. (*Kahn* v. *Matthai*, 115 Cal. 689, [47 Pac. 698].)

The order for publication was not defective because it did not include the proof upon which the court found the existence of the jurisdictional facts necessary to the making of the order. Jurisdiction to make the order rested upon the averments of the affidavits, and not upon the recitals of facts found in the order. The order having been made, it will be presumed that the jurisdictional facts necessary to its making were duly established. (*Goodale* v. *Coffee,* 24 Or. 346, [33 Pac. 990].)

The denials of the answer of the defendant Elizabeth Trainor tendered no issue save upon conclusions of law, and the answer as a whole was so evasive and contained so many negative pregnants that the trial court was justified in strik-

ing it out upon motion of the plaintiff upon the ground that it was sham and irrelevant.

The allegation of the corporate capacity and existence of the plaintiff could not be successfully denied upon information and belief because, perchance, the plaintiff had failed to pay its license-tax, and might, therefore, unknown to the defendant, have lost its corporate character by operation of law. A failure to pay the license-tax would not have operated to effectually and finally create a forfeiture of the corporate franchise until "the acts required to be performed by the secretary of state or the governor (proclaiming the forfeiture) shall have been performed in the manner required." (*Kaiser etc. Co.* v. *Curry,* 155 Cal. 639, 654, [103 Pac. 341].) "Without the performance of such acts, the forfeiture does not result. . . . " (*Alaska etc. Co.* v. *Standard Box Co.,* 158 Cal. 567, [112 Pac. 454].) As a matter of course the statutory acts required to be performed in conjunction with the failure to pay the license-tax, before a forfeiture of the corporate franchise will occur, must become matters of public record, and it is well settled that when the existence of an alleged fact may be ascertained from an inspection of a public record its existence cannot be put in issue by a denial based solely upon information and belief.

It is claimed that the denial in the answer of the defendant Elizabeth Trainor relative to the-allowance of attorneys' fees, raised a material issue, and that therefore this denial alone should have compelled a denial of the motion to strike out. In this behalf the answer denies the reasonableness of the maximum sum provided in the lease and claimed in plaintiff's complaint as an attorney's fee for the recovery of the possession of the leased premises. The allegation that the lease provided for the allowance of an attorney's fee not to exceed a certain sum, which might be taxed as part of the costs of the action, was not denied. The plaintiff's right to attorneys' fees was therefore an admitted fact in the case, and inasmuch as it was the duty of the court to ascertain and allow a reasonable attorney's fee within the limit of the sum fixed by the condition of the contract of the parties, it was unnecessary in the plaintiff's complaint to allege that any specific sum was a reasonable attorney's fee (*First National Bank etc.* v. *Holt,* 87 Cal. 158, [25 Pac. 272]; *White* v. *Allatt,* 87 Cal. 245, [25 Pac. 420]), and as the court below fixed the attorney's

fee at a sum very much less than that specified in the contract of lease, we cannot see how the defendant was prejudiced by the order complained of.

The judgment appealed from is affirmed.