[Sac. No. 2202. In Bank.—May 1, 1916.]

PYTHIAN CASTLE ASSOCIATION OF SACRAMENTO (a Corporation), Appellant, v. NORA DAROUX et al., Respondents.

DEED—COVENANT NOT TO BUILD ON UNSOLD PART OF TRACT—PERSONAL COVENANT OF GRANTOR.—A covenant by the grantor in a deed of a portion of a tract of land owned by him, that he will never himself erect any structure upon the unsold part of the tract within five feet of the land conveyed, and, in the event of a *bona fide* offer to purchase the unsold part, he will give the grantee the preference to purchase the same at said *bona fide* offer, is purely personal, and does not run with the land nor place any sort of compulsion on subsequent grantees of the retained land.

APPEALS from a judgment of the Superior Court of Sacramento County, and from an order dissolving a temporary injunction. C. N. Post, Judge.

The facts are stated in the opinion of the court.

O. G. Hopkins, for Appellant.

Butler & Swisler, for Respondents.

MELVIN, J.—The demurrer of respondents to appellant's complaint was sustained and a temporary restraining order by which the former had been forbidden and enjoined from building upon a portion of their property was dissolved. The

appeals of plaintiff are from the judgment and from the order dissolving the temporary injunction.

The facts are simple and undisputed. M. Graf was the owner of lot 5 in the block bounded by H, Eighth, I, and Ninth Streets, in the city of Sacramento. He conveyed by deed on April 21, 1888, the south ninety feet of the east forty feet of his lot to Knights of Pythias hall association of Sacramento, plaintiff's predecessor in interest. The deed in which the grantor was designated as "party of the first part" and the grantee as "party of the second part" contained the following language:

"And said party of the first part hereby covenants and agrees and this deed is given and accepted upon the express understanding and agreement that he will never himself erect any structure upon the South Ninety feet of the West Forty Feet of said Lot Five within five feet of the land hereby conveyed and that in case he has any *bona fide* offer to purchase of him said South Ninety feet of the West Forty feet of said Lot Five he will give said second party the preference to purchase the same at said *bona fide* offer."

Defendants by mesne conveyances and after the death of M. Graf became the owners of the south ninety feet of the west forty feet of said lot 5 and they served upon plaintiff notice of their intention to excavate and build thereon. Appellant thereupon commenced this action to enjoin them from placing any structure on the easterly five feet of their lot. The only question involved in the case, therefore, relates to the meaning and force of the quoted language.

There is no ambiguity in the words of the deed. The paragraph upon which appellant relies is a purely personal covenant which does not purport to bind anyone but the grantor, M. Graf. It does not run with the land and does not place any sort of compulsion upon the present owners. By it M. Graf merely agreed to forbear from building any structure upon the easterly five feet of his remaining portion of lot 5 during his ownership, and to give a preference to his grantee of the south ninety feet of the east forty feet to purchase the adjoining land in the event of a *bona fide* offer being made therefor by some intending purchaser. By no twisting or turning of the quoted language may any other meaning be derived from it. There is abundant authority to support the view of the trial court that the covenant

pleaded is merely a personal one and not enforceable against respondents, but we need merely cite *Berryman* v. *Hotel Savoy Co.*, 160 Cal. 559, [37 L. R. A. (N. S.) 5, 117 Pac. 677] ; *Los Angeles Terminal Land Co.* v. *Muir*, 136 Cal. 36,. [68 Pac. 308], and the cases therein cited and discussed, in every one of which language much stronger than that used in the deed now under consideration has been held to be insufficient to create an easement or other similar burden upon the property to which litigants have sought to apply it.

The judgment and order are affirmed.

Shaw, J., Sloss, J., Henshaw, J., Lawlor, J., and Angel-- lotti, C. J., concurred.