[L. A. No. 5239.   Department One.—January 6, 1920.]

ART METAL CONSTRUCTION COMPANY (a Corporation), Respondent, v. A. F. ANDERSON COMPANY (a Corporation), Appellant.

[1] PLEADING—ACTION BY FOREIGN CORPORATION—AUTHORITY TO TRANSACT BUSINESS IN STATE—DENIAL ON WANT OF INFORMATION OR BELIEF—ADMISSION OF AUTHORITY.—In an action by a foreign corporation, the allegation that the plaintiff is duly authorized to transact business in this state is deemed admitted where denied on want of information or belief.

[2] ID.—EXISTENCE OF FACT—PUBLIC RECORD—POSITIVE DENIAL.— When the existence of an alleged fact may be ascertained from an inspection of a public record, its existence cannot be put in issue by a denial based solely upon information and belief.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Leslie R. Hewitt, Judge.   Affirmed.

The facts are stated in the opinion of the court.

T. K. Kase for Appellant.

Benjamin E. Page, Arthur C. Hurt and Arthur F. Coe for Respondent.

LAWLOR, J.—This appeal is taken from a judgment entered in favor of the plaintiff and against the defendant in

---

1. Necessity of pleading specially noncompliance by foreign corporation with domestic statutes, note, 9 Ann. Cas. 492.

2. As to denials upon information and belief as to matters presumptively within pleader's knowledge, notes, 133 Am. St. Rep. 109, 30 L. R. A. (N. S.) 771.

the total sum of $2,091.63, with interest thereon, and for the possession of certain personal property, or for its value—$564.39—in case a delivery thereof cannot be had.

The action was brought by the plaintiff upon a written contract executed by the parties to this action on March 6, 1913. Under the terms of the contract the defendant agreed to sell the banking equipment and furnishings manufactured by the plaintiff in certain counties in the southern part of the state. Provision was made in the contract whereby either party might, upon giving sixty days' notice, terminate the contract, and upon such termination by either party the plaintiff would accept, take back, and pay the purchase price thereof, all goods and merchandise remaining in defendant's possession previously purchased by it from plaintiff which should be in good and serviceable condition at the time of the termination of the contract. The court found that the contract was terminated on August 26, 1915, the plaintiff having served notice of such termination on June 26, 1915.

The complaint, after alleging the corporate existence of the plaintiff "under and by virtue of the laws of the state of Massachusetts," and that it was "duly authorized under and by virtue of the laws of the state of California to transact business in this state," alleges that on or about May 12, 1915, the defendant in writing requested the plaintiff to furnish the defendant f. o. b. cars at Jamestown, New York, certain office and banking fixtures, furnishings, and equipment, to be used in the alteration and repair of the banking establishment of the Commercial Bank of Santa Barbara; that the defendant agreed to pay for these goods the sum of $3,995.01; that of this total amount the sum of $1,462.01 had been paid and that there was still due and unpaid to the plaintiff the sum of $2,533.

The defendant filed an amended answer to the complaint as amended in which it denied the indebtedness as alleged in the complaint and claimed that it had paid the plaintiff in cash the sum of $1,629.05, and that it had on hand goods and merchandise, which it had bought from the plaintiff, and which the plaintiff was bound under the terms of the contract of March 6, 1913, to take back, of the value of $2,990.54, and alleged further that the defendant was ready and willing to return these goods to the plaintiff and that the plaintiff had been so notified. The amended answer then alleged that there

was due from the plaintiff to the defendant certain sums on account of storage, insurance, and the like, amounting in all to the sum of $530.16. The defendant then prayed judgment against the plaintiff in the total sum of $3,520.70.

Upon the demand of the defendant, and in support of the allegations of the complaint, the plaintiff filed a bill of particulars, which showed that the total indebtedness arising under the contract of March 6, 1913, amounted to $4,148.10; that a credit of $1,625.10 had been allowed the defendant, and that there was still due and unpaid to plaintiff the sum of $2,523, which is $10 less than the amount alleged by plaintiff in its complaint to be due on the Santa Barbara contract at the time this action was commenced. The amended bill of particulars shows a credit to the defendant of $10 on account of a clerical error, which accounts for the difference in amount between the bill of particulars and the complaint.

The court found that the plaintiff was a corporation organized and existing under the laws of Massachusetts and duly authorized by law to transact business in this state, as alleged in the complaint; that defendant had promised to pay the plaintiff, on account of certain goods furnished by it to be used by the defendant in the Commercial Bank of Santa Barbara, the sum of $3,995.01; ''but that no part thereof has been paid except the interest thereon to the fifteenth day of February, 1916, and the sum of $1,477.63 on account of the principal thereof. That there is now due, owing, and wholly unpaid from the defendant to the plaintiff on account of said contract the sum of two thousand five hundred seventeen and 38/100 dollars (2517.38).'' It was further found that the plaintiff agreed to take back from the defendant certain goods which were of the value of $546.39, and which had not been delivered by the defendant to the plaintiff. And the court further found that the defendant was entitled to an additional credit of $13.35 on account of two items of merchandise which had been paid for by defendant and not delivered to it by the plaintiff. This left a net balance of $1,957.64 due the plaintiff, for which amount the court entered judgment, with interest thereon from February 15, 1916, at the rate of seven per cent, making up the total sum of $2,091.63. Judgment was also entered in favor of the plaintiff for the possession of either the goods which the plaintiff had agreed

to take back but which the defendant had not delivered, or if delivery could not be had, for the purchase price—$546.39.

Only two points are urged for reversal. Appellant's position is thus set forth in the transcript on appeal: "The foregoing statement of the case and bill of exceptions is intended to comprehend only the two particular objections to the judgment which will be urged upon appeal, viz., that the court should have allowed defendant an admitted credit of $1,625.10, and also that this action cannot be maintained, or a judgment entered against the defendant for any sum whatsoever, until the plaintiff complies with the code requirements and pays the fees due the state of California in order to authorize it to do business within said state. All other objections to the judgment and to the rulings of the court on the motion for new trial are hereby expressly waived." In other words, appellant contends, first, that the plaintiff has not complied with the requirements of sections 405–410 of the Civil Code (which sections, with the exception of section 407, were repealed in 1917 [Stats. 1917, p. 381], their provisions having been incorporated into the General Laws of 1915 [Stats. 1915, p. 422] and amended in 1917 [Stats. 1917, p. 371]), and section 409, of the Political Code relating to foreign corporations, so as to enable it to do business in this state; and, second, that the court did not allow the defendant an admitted credit of $1,625.10, to which it claimed it was entitled, but allowed it instead a credit of only $1,477.63 on account of the principal of the purchase price of the goods described in plaintiff's complaint.

1. We shall consider first the objection that the plaintiff has not complied with the statutory requirements relating to foreign corporations doing business in this jurisdiction. Considerable space is devoted by both appellant and respondent to a discussion of the point whether or not the plaintiff was doing business in this jurisdiction within the contemplation of the requirements that foreign corporations file with the Secretary of State a copy of the articles of incorporation, the name and address of the resident agent, and pay the required fees. But this discussion is beside the point. As we have indicated above, it was alleged in the complaint "that plaintiff is and at all the times herein mentioned has been a corporation organized and existing under and by virtue of the laws of the state of Massachusetts, and duly authorized under

and by virtue of the laws of the state of California to transact business in this state." In the answer and cross-complaint and the amended answer to the complaint as amended filed by the defendant the only denial of this allegation is as follows:

"That said defendant is not informed as to whether said plaintiff is authorized to transact business in the state of California, and has no knowledge, information or belief sufficient to enable it to answer the allegation that said plaintiff is authorized to transact business in said state, and therefore denies the same."

It is thus apparent that appellant does not deny that the plaintiff is a corporation organized under the laws of the state of Massachusetts, and denies that the "plaintiff is authorized to transact business in the state of California," only because it "has no knowledge, information or belief sufficient to enable it to answer the allegation." **[1]** Whether the plaintiff was entitled as a foreign corporation to transact business in the state of California within the meaning of the statutory requirements was a matter of public record, and not being positively denied is deemed admitted. **[2]** It is well settled in this state that when the existence of an alleged fact may be ascertained from an inspection of a public record, its existence cannot be put in issue by a denial based solely upon information and belief. In *William Wilson Co.* v. *Trainor*, 27 Cal. App. 43, [148 Pac. 954], it is said: "The allegation of the corporate capacity and existence of the plaintiff could not be successfully denied upon information and belief because . . . it is well settled that when the existence of an alleged fact may be ascertained from an inspection of a public record its existence cannot be put in issue by a denial based solely upon information and belief." (See, also, *Mulcahy* v. *Buckley*, 100 Cal. 484, [35 Pac. 144]; *Bartlett Estate Co.* v. *Fraser*, 11 Cal. App. 373, [105 Pac. 130]; *Brinkley-Douglas Fruit Co.* v. *Silman*, 33 Cal. App. 643, [166 Pac. 371].)

2. There is no merit in the contention of appellant that the trial court allowed it a credit of only $1,477.63 when the plaintiff's bill of particulars admitted a credit of $1,625.10. The bill of particulars did admit a credit to the defendant, but as a credit against which there were chargeable not only the price of the articles delivered for installation in the Santa

Barbara bank, but also certain other items totaling $153.09. From these latter items the court deducted in favor of the defendant $5.62, leaving as their balance $147.47. The $1,625.10 of total credits to the defendant was then applied by the court, $147.47 to the discharge of the items mentioned, and the balance, $1,477.63, on the purchase price of the goods for the bank. This application of the credit to the defendant was a proper one and was an allowance to the defendant of the full amount of the credit of $1,625.10 admitted by the bill of particulars.

The judgment is affirmed.

Olney, J., and Shaw, J., concurred.