[Civ. No. 3869. First Appellate District, Division One.—August 8, 1921.]

## G. H. STOKES, Respondent, v. HENRIETTA P. WATKINSON, Individually, etc., Appellant.

[1] STREET LAW — PROPER RECORDATION OF DOCUMENTS — PLEADING— DENIAL UPON WANT OF INFORMATION AND BELIEF.—In an action for the foreclosure of a street assessment lien for work done under the Street Improvement Act of 1911, where the complaint alleges the proper recordation of the documents which the superintendent of streets was required by law to record and to keep a record of, the defendant is not permitted to base her denial of the due and proper recordation of such documents upon a want of information and belief, and such a denial is insufficient to put that fact in issue. (On petition for hearing in supreme court, approval withheld.)

[2] ID.—RECORDATION OF DOCUMENTS—USE OF LOOSE-LEAF BOOK.— Under the Street Improvement Act of 1911, the documents which the superintendent of streets is required to record and keep a record of are sufficiently recorded where copies of the originals handed to the contractor for the purposes of his demands are inserted and kept in a loose-leaf book and at all times thereafter are kept there subject to public inspection.

[3] ID.—PROOF OF ASSESSMENT AND WARRANT—RECORDED COPIES AS EVIDENCE.—In an action to foreclose a lien for street work done under the Street Improvement Act of 1911, proof of the existence and substance of the assessment and warrant is made by the production of the copies thereof contained in the certified records of the superintendent of streets.

[4] ID.—PROOF OF DEMAND—OMISSION OF NOTARIAL SEAL—IRREGULAR-
ITY CURED.—The absence of a notary's seal from an original affi-
davit of demand and nonpayment, or of a copy of the impression
of such seal from the recorded copy of such original, constitutes
a mere irregularity, which is cured by the provisions of section
26 of the Street Improvement Act of 1911.

[5] ID.—CONSOLIDATION OF ACTIONS—COSTS RECOVERABLE.—Where the
contractor, or his assignee, has the right to commence and
prosecute several actions against a property owner, based upon
an assessment against several different lots, if he is entitled to a
judgment of foreclosure, he is also entitled to his costs in each
of the cases, notwithstanding that, after the institution thereof,
the court in which they were pending orders a consolidation of
them.

[6] ID.—LIMIT OF ASSESSMENT DISTRICT—DISCRETION OF MUNICIPAL
BODY.—The question as to the limits of assessment districts in the
matter of making street improvements is one that is committed
solely to the discretion of the municipal body determining upon
such improvement under the district plan.

APPEAL from a judgment of the Superior Court of Con-
tra Costa County. A. B. McKenzie, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. T. Kearney and Edward C. Harrison for Appellant.

Faulkner & Faulkner for Respondent.

RICHARDS, J.—This is an appeal on the part of the de-
fendant individually and as the executrix of the last will of
her deceased husband, Joseph H. T. Watkinson, from a
judgment of foreclosure of certain street assessment liens.

The property affected by the action consisted of a large
number of lots situate along the northeasterly side of Pull-
man Avenue, in the city of Richmond, all of which lots
belonged to the appellant's testator in his lifetime. The
street improvement in question consisted of certain sewer
construction work along the line of Pullman Avenue, per-
formed under and pursuant to the provisions of the Street
Improvement Act, approved April 7, 1911 [Stats. 1911,
p. 730], and having its inception in the month of August,
1914, through the passage of a resolution of intention to
make said improvement by the council of the city of Rich-
mond on that date. The work proceeded thereafter under

said act until its completion, approval, and acceptance by the street commissioner of said city in the month of March, 1915, whereupon the said superintendent of streets proceeded to make the assessments against the several lots owned by the defendant's testator, who was then still living, and also to make and record and deliver the warrants for each of said assessments to one Fred Meyers, the assignee of the original contractor, and who, as such, was authorized under said Improvement Act to demand and receive the amount due from the owner of the lots in question according to each of the assessments levied against each of them. The plaintiff alleges that such demand was personally made by said Meyers upon said Joseph H. T. Watkinson in his lifetime and that he failed and refused to pay the several amounts so demanded. Thereafter said Meyers assigned to the plaintiff herein all of his right, title, and interest in and to the money due upon said warrants and assessments, and thereafter the said plaintiff commenced forty-three separate actions to foreclose his assessment lien upon each separate parcel of land upon which such several assessments had been levied. In each of said actions the plaintiff prayed for an attorney's fee of fifteen dollars, to which he claimed to be entitled under the terms of said Improvement Act, together with costs in each case. Prior to the inception of these several actions Joseph H. T. Watkinson had died and his widow, Henrietta P. Watkinson, had succeeded to his interest in said several tracts of land and had been duly appointed executrix of his will. She was, therefore, made individually and as such executrix the defendant in said several foreclosure suits, and upon her motion, after the institution thereof, the court in which said actions were pending ordered a consolidation of them, whereupon the plaintiff, while objecting to said order, complied with the same by filing a supplemental complaint in which all of said actions were consolidated and in which, in asking for a foreclosure of said liens, the plaintiff prayed for a reasonable allowance of counsel fees and for his costs. Upon the trial of these actions, as thus consolidated, the court decreed a foreclosure of said liens, and in the matter of counsel fees allowed the plaintiff in each of said original actions an attorney's fee of sixty cents, together with the costs accrued in each

action.  From the judgment of foreclosure thus decreed the defendant has prosecuted this appeal.

There is also another appeal by plaintiff from that portion of said decree awarding counsel fees and which is dealt with in a separate opinion.

Upon the present appeal the appellant's first contention is that the assessment which forms the basis of each of these several liens was never properly recorded.  In making this contention the appellant relied upon the case of *Federal Construction Co.* v. *Curd,* 179 Cal. 479, [177 Pac. 473], which case was decided by the supreme court some time after the date of the trial and judgment in the instant case.  The respondent meets this contention with the showing that in the plaintiff's consolidated complaint it was alleged that the documents constituting those records of the superintendent of streets, which were required by the terms of the improvement act in question to be recorded in his office were, and each of them was, duly recorded therein; that these allegations of matters of public record were denied by the defendant in her answer for want of information and belief, and that such denials were insufficient in point of law to put in issue the due recordation of these documents.  The respondent further urges, and the record shows, that no objection was made by the defendant at the trial to the form or substance or physical character of the record book or books showing the recordation of these documents. The respondent further urges that the record does not affirmatively show that the method of recordation of the documents in question which was condemned in the case of *Federal Construction Co.* v. *Curd, supra,* was the one adopted by the street superintendent in the proceedings involved in this case.  We have carefully examined the record herein with a view to determining the merit of the objections urged by the respondent against the consideration of this point upon appeal.  [1] As to the pleadings of the parties, we find the plaintiff does allege the proper recordation of the documents which the superintendent of streets was required by law to record and to keep a record of. This averment would suffice to put the defendant upon notice and inquiry as to the existence and state of such record, and this being so, the defendant is not permitted by a well-established rule of pleading to base her denial of the due and

proper recordation of such documents upon a want of information and belief. Such denials have been uniformly held insufficient to put in issue the due recordation of documents required by law to be recorded and alleged to have been so recorded. (*Mulcahy* v. *Buckley,* 100 Cal. 484, [35 Pac. 144]; *Mendocino Co.* v. *Peters,* 2 Cal. App. 24, [82 Pac. 1122]; *Rogers Bros.* v. *Beck,* 43 Cal. App. 110, [184 Pac. 515]; *Brickley etc.* v. *Silman,* 33 Cal. App. 643, [166 Pac. 371]; *Wm. Wilson Co.* v. *Trainor,* 27 Cal. App. 43, [148 Pac. 954]; *Art Metal Construction Co.* v. *Anderson,* 182 Cal. 29, [186 Pac. 776].)

This being the law, it becomes unnecessary to determine whether or not the objections which the defendant interposed to the introduction of the record-book of the superintendent of streets in evidence were sufficient to predicate the attack which the appellant makes upon their sufficiency to comply with the statute upon this appeal, for if the averments of the complaint with respect to the due recordation of the documents in question, were admitted by the defective form of the defendant's denials, it follows that no evidence was required upon that subject, and, hence, no objections which were urged nor assignments of error which were made to the introduction of such evidence need be considered upon appeal. (*Mendocino Co.* v. *Peters, supra.*)

[2] But aside from the foregoing considerations, which we think disposes of the appellant's first contention herein, we may say that from our inspection of this record we are by no means satisfied that it affirmatively appears therefrom that the recordation of the documents above referred to was subject to the infirmities existing in the record before the supreme court in the case of *Federal Construction Co.* v. *Curd, supra;* for while in both cases a so-called "looseleaf book" was used by the superintendent of streets for purposes of recordation, the infirmity disclosed in the Curd case was not in the form or physical features of said book, but consisted rather in the fact that the originals of the documents required to be recorded by the terms of the act had been placed in the book and then at once withdrawn and handed to the contractor for the purpose of making his demand, and that during the period of their absence for that purpose there was no record whatever of these documents in the office of the superintendent of streets. It

does not appear that such was the method or practice pursued by the superintendent of streets in the instant case, but, on the contrary, it does appear that the papers inserted and kept in the loose-leaf book of the superintendent of streets in this case were copies of the originals handed to the contractor for the purposes of his demands, and that such copies at all times after their insertion in said book were kept there subject to public inspection. We are of the opinion that the requirements of the statute would be satisfied and fully subserved by such a procedure.

[3] The next contention of the appellant is that the plaintiff's evidence as to the existence and substance of the assessments and warrants upon which he relies to support his alleged liens was insufficient, for the reason that the plaintiff rested his proof of the existence and substance of these documents not upon the production of the original documents but upon the copies thereof contained in the certified records of the superintendent of streets. We see no merit in this contention nor in the refinement of argument with which appellant seeks to support it. The Street Improvement Act under which the proceedings involved in this case were had in section 37 thereof and in respect to the records to be kept by the superintendent of streets provides that "the records so kept and signed by him shall have the same force and effect as other public records, and copies therefrom duly certified may be used in evidence with the same effect as the originals." Language could not be plainer than this in order to place the records of the superintendent of streets upon the same basis as to evidentiary value as other public records possess by virtue of sections 1855 and 1893 of the Code of Civil Procedure.

[4] The appellant's next contention is that the affidavit of demand and nonpayment, a certified copy of which was offered by the plaintiff, was irregular and insufficient to prove the existence and substance of such original demand, for the reason that it appears that there was absent from the copy of this document so introduced in evidence, the copy of the seal of the officer who attached his jurat to the original document. The respondent makes several answers to this contention, all of which appear to be good. The first is that the pleadings admit that a proper return of his demand and of the fact of nonpayment was made by the assignee of

the contractor. A second, and we think also sufficient, answer is that the absence of a notary's seal from the original or of a copy of the impression of such seal from the recorded copy of such original would constitute a mere irregularity which would be cured by the provisions of section 26 of the Improvement Act under which these proceedings were taken and which provides as follows: "No assessment, warrant, diagram or affidavit of demand and nonpayment, after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality, or other defect in the same, where the resolution of intention of the council to do the work, has been actually published as herein provided, and said notices of improvement have been posted along the line of the work, as provided in section 5 of this act, before the passage of the resolution ordering the work to be done." (See, also, *Bienfield* v. *Van Ness,* 176 Cal. 585, [169 Pac. 225]; *McGinn* v. *Van Ness,* 40 Cal. App. 600, [181 Pac. 70, 183 Pac. 950].)

[5] The appellant's next contention is that the trial court erred in its award of costs to the plaintiff in each of the cases which were consolidated into the single proceeding in which the plaintiff was allowed judgment. This objection is predicated upon the fact that many months after the institution of these several actions the defendant made and filed an offer to pay the several assessments in full, without costs. Such an offer, however, would be ineffectual to prevent the plaintiff from the recovery of costs already accrued, and would also be ineffectual under the code section permitting such offers to allow judgment to be filed, for the reason that it did not embrace an offer to pay the costs accrued to the date when it was made. The plaintiff having the right to commence and prosecute these several actions, if he had a right to his judgment of foreclosure, had also the right under the provisions of section 27 of the Improvement Act, and also under the provisions of section 1022, subdivision 5, of the Code of Civil Procedure, to recover his costs.

[6] The final contention of the appellant to the effect that the proceedings which form the basis of these assessment liens were void because all of the property benefited by the improvement was not embraced within the district assessed for such work is without merit, since the question as to the

limits of assessment districts in the matter of making such improvements is one that is committed solely to the discretion of the municipal body determining upon such improvement under the district plan. (*Larsen* v. *City and County of San Francisco,* 182 Cal. 1, [186 Pac. 757].)

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 6, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

In denying the application we withhold our approval from that portion of the opinion which holds that the denial for want of information and belief of the allegation that the assessment was duly recorded in the office of the superintendent of streets was not a sufficient denial. This portion of the opinion is not essential to the judgment of the district court of appeal in view of the further answer contained in the opinion to the claim of want of proper record.

All the Justices concurred, except Shaw, J., who was absent.