[Civ. No. 7628. Third Dist. June 14, 1949.]

PACIFIC GAS AND ELECTRIC COMPANY, Respondent,
v. CHRISTINO MINNETTE et al., Appellants.

Leo C. Dunnell, William H. Herbert, Adey May Dunnell and O'Hara, Randall, Castagnetto & Kilpatrick for Appellants.

Robert H. Gerdes, W. R. Dunn and W. U. Goodman for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment in favor of plaintiff, rendered pursuant to an order sustaining a demurrer to the amended answer without leave to amend the pleading. The judgment restrains defendants from constructing or maintaining an automobile garage and repair shop on plaintiff's right of way and easement beneath the wires and electric lines on and across defendants' land. The building in question was constructed of concrete blocks by the owners of a lot, to replace a frame building which had previously existed thereon beneath the electric wires of a power line which plaintiff's complaint alleges was constructed by it along the center line of its 40-foot right of way and easement across the property of defendants Christino Minnette (Cristino Minnitte) and Mary T. Minnette in Solano County. The poles and wires were maintained by plaintiff to supply electric light and power to the residents in that vicinity.

The defendants contend that their amended answer adequately presents issues regarding the location of their building and other equitable issues which entitle them to a hearing on the merits, and that the court abused its discretion in sustaining the demurrer without leave to amend.

This suit is equitable in nature. It was brought to quiet title to an easement across a lot, and to enjoin the successors in interest of that lot from maintaining thereon a concrete building which they constructed in 1947.

The amended complaint which was filed in Solano County December 3, 1947, alleges plaintiff is a public utilities corporation engaged in the business of furnishing electric lights

and power in Solano County; that, on April 4, 1917, M. Dos Reis and A. Dos Reis were the owners of a described tract of land in Vallejo in said county, adjacent to the Straits of Carquinez, across which land they executed to plaintiff, on the last-mentioned date, a grant to an easement in a 40-foot strip of land for a term of 50 years for the purpose of erecting and maintaining thereon a system of electric and power lines and poles, which easement contained a covenant that the first parties would not erect or maintain "beneath said lines of poles and wires" any building or structure; that said **grant** of easement was recorded April 11, 1917; that said owners of the land also executed to plaintiff on February 2, 1920, a similar grant of easement containing the same restriction, for the term of 50 years over and across other described adjoining lots, which was duly recorded March 16, 1920; that plaintiff entered into possession of said easements and erected and now maintains along the center lines thereof poles and wires by means of which it has and still does transmit and distribute to the public electricity for lighting and power purposes; that Louise Hommell, who subsequently became the owner of the described lot involved in this suit, sold and conveyed said lot to the defendants Christino and Mary T. Minnette, on July 2, 1945; that with full knowledge of said easements and the restrictions therein contained, the grantees constructed in 1947 on said lot, beneath the wires of said power line, a basalt block building 50 feet in length, 42 feet wide and 21 feet in height for their use as an automobile garage and repair shop; that in March, 1947, said defendants executed to the Solano County Title Company a trust deed to their said lot to secure payment of a $2,000 loan which they obtained. Each of the said instruments was attached to the amended complaint and made a part thereof. The complaint prayed for a decree quieting title to said easements in plaintiff, and asking for a mandatory injunction requiring the removal of said building from the right of way and easements.

Separate demurrers to the complaint were overruled. The defendants joined in an answer to the amended complaint, setting up an issue of fact regarding the true location of the easement, and equitable defenses, including those of estoppel and laches. The amended answer states that "said concrete building so erected does not cover the entire portion of said alleged right of way but only a portion thereof and the same does not interfere with the ingress and egress of the said plaintiff." But the answer further denies the other material

allegations of the complaint and affirmatively alleges that defendants had no information or knowledge of the existence of said easements; that *plaintiff's poles and wires were not erected or maintained on the easements*; that for a long time prior to the construction of said basalt block building, other buildings were permitted by plaintiff, without objection, to remain beneath said wires on the easements in that immediate vicinity, including defendants' said frame building; that defendants, with full knowledge on the part of plaintiff, tore down their frame building in January, 1947, and replaced it with a concrete block building at a cost of about $9,000, which building was under construction from January 7, 1947, to September 1st of that year, during all of which time "said plaintiff had full notice and knowledge that defendants were constructing said building beneath said wires at great cost and expense to said defendants." Paragraph IV of the amended answer denies on information and belief that plaintiff erected its line of poles and wires as alleged on the easements described in Exhibits "A" and "B" of the complaint, and on the contrary alleges that it "erected their said poles, wires and conduits *on lands other than that described in said Exhibits A and B . . .; that said easements . . . do not cross the lands of defendants; that plaintiff has constructed electrical wires and conduits across the lands of defendants but not upon the said rights of way described in said Exhibits."* (Italics added.) In paragraph VI of the amended answer the defendants definitely deny that "said building was constructed upon the said easement and right of way described in said Exhibits A and B or either of said exhibits," and definitely deny that they have invaded plaintiff's easement by constructing or maintaining said building. The latter denials are not based on "belief" or upon "a lack of information." They are definite, unqualified denials. The amended answer further alleges that before the defendants Cristino and Mary T. Minnette purchased their lot in 1945, they employed the Solano County Title Company to examine the records and report to them the condition of the title thereto, and that said company reported to said purchasers that the lot was free and clear of "any recorded easements, liens or encumbrances whatsoever." The answer specifically sets up the defenses of estoppel and laches and prays for a decree that plaintiff take nothing by its action.

The plaintiff filed a general demurrer to that amended answer on the sole ground that it fails to state facts constitut-

ing a valid defense to the allegations of the complaint. The demurrer was sustained without leave to amend the pleading. Judgment was accordingly rendered for plaintiff, enjoining the defendants and their agents, successors and assigns from erecting or maintaining said building or any building on said easements. From that judgment this appeal was perfected.

The vital questions to be determined are whether the answer raises a valid issue of fact as to whether the concrete building was constructed *on plaintiff's right of way and easement* beneath the wires, and whether the allegations of the answer present equitable issues, or are susceptible of amendments presenting such issues, which would require a trial on its merits and the adoption of findings to support a judgment to that effect.

The appellants insist that the pleadings present issues of fact and equitable defenses which should be determined on the merits, and that it is unjust and inequitable, under the circumstances of this case, to require them to remove said concrete block structure at great labor and expense, since it was under construction during a period of eight months with full knowledge of plaintiff, and without objection on its part. The appellants assert that the court erred in sustaining the demurrer without leave to amend.

We are persuaded the court erred in sustaining the demurrer to the amended answer in this case without leave to amend the pleading. The answer presents an issue of fact as to whether the defendants' building was constructed on plaintiff's right of way and easement. It also alleges an equitable defense. At least the amended answer attempts to allege those issues which, if defectively stated, should entitle defendants to amend their pleading. It follows that the court abused its discretion in sustaining the general demurrer without leave to amend the pleading. The general demurrer was filed under sections 443 and 444 of the Code of Civil Procedure on the sole ground that the answer "does not state facts sufficient to constitute a defense." It did not assert that the pleading is uncertain, ambiguous, unintelligent, frivolous or defective in form. There was no motion to strike out the answer, or any portion thereof, on the ground that it is uncertain or frivolous. The last-mentioned defects, if any such exist, were therefore waived.

 The respondent contends that paragraph IV of the answer fails to state a valid defense because it merely alleges "on information and belief" that the building was not con-

structed on plaintiff's right of way and easement, and that, since the easement was duly recorded, the defendants were charged with notice thereof requiring them to definitely determine by a survey whether the building is in fact located thereon. But a mere inspection of the record will not enable the defendants to locate the easement on the ground to definitely determine whether the building is located thereon.

The respondent correctly states the general rule with respect to pleadings based on information and belief, that when a fact may be *readily ascertained* by inspection of a public record it cannot be made an issue by mere allegations or denials based on information and belief. (*Art Metal Construction Co.* v. *A. F. Anderson Co.*, 182 Cal. 29, 33 [186 P. 776]; *Santa Barbara Lumber Co.* v. *Ross*, 183 Cal. 657, 659 [192 P. 436]; *Smith* v. *Fidelity & Deposit Co. of Maryland*, 130 Cal.App. 45, 58 [19 P.2d 1018]; *Brooks* v. *Nelson*, 95 Cal.App. 144, 149 [272 P. 610]; 21 Cal.Jur. § 101, p. 150; 49 C.J. § 333, p. 266; 1 Bancroft's Code Pleading, § 415, p. 607.) Our attention has not been called to any case, and we have been unable to find one, which holds that merely because a deed or grant of an easement has been recorded the issue as to whether a restriction therein contained has been violated, may not be alleged or denied on information and belief. The question as to whether a building or obstruction was or was not constructed on the easement does not appear from an inspection of the grant. Ordinarily, that fact cannot be readily ascertained by a mere inspection of the record. We are not prepared to hold that under such circumstances the recording of the instrument requires a pleader to survey the easement to definitely ascertain the fact before he may raise that issue. But, regardless of whether that rule applies, it appears to be immaterial in the present case because paragraph VI of the answer positively and definitely denies "that said building was constructed upon the said easement and right of way," or that the right of way was obstructed thereby in any manner or at all. Certainly, the last-mentioned denial and allegation of the amended answer properly raise that issue. The answer does admit that a portion of the building was constructed "beneath the wires." But, in view of the denial that it was built upon the easement, and the affirmative allegation that the line of poles and wires were erected on property *other than that described in the easement,* we think the issue is clearly raised as to whether the building invades any rights vesting in plaintiff by its grant to the easement.

The foregoing rule of pleading applies to the plaintiff in this case, notwithstanding the fact that it was engaged in furnishing electric light and power as a public utilities corporation.

We conclude that paragraph VI of the answer raises issues which should be determined by the court, and that the demurrer should not have been sustained without leave to amend the answer.

Moreover, we are of the opinion the estoppel in pais and the equitable defense raised by the answer that the plaintiff, with full knowledge of the construction of the basalt block building by defendants at great cost over a period of some eight months, without objection on the part of plaintiff, entitled defendants to have those issues determined. It is apparent that defendants may have been reasonably misled by the fact that Cristino and Mary T. Minnette acquired their lot in 1945, with the frame building thereon which had been previously maintained beneath the wires for several years and by the fact that the title company had reported to them that their lot was free and clear of all encumbrances, liens or easements, and that, without protest or notice from plaintiff, they were permitted to tear down the frame building in 1947 and to replace it, without objection or protest, with the basalt block building. Without determining those alleged equities, the injunction restrains defendants from maintaining that concrete building, the removal of which will necessarily result in great loss of labor and expense.

In view of our foregoing conclusion, it is unnecessary to determine whether the covenant contained in the grants of easements to the effect that "the parties of the first part" will not construct any building on said easements beneath the wires, is binding upon the grantors' assigns or successors in interest.

The appellants contend that since the covenants do not state that the *assigns or successors in interest* shall not construct such buildings on the easements beneath the wires, the covenants are therefore purely personal, applying to the grantors only, and that they do not run with the land or bind the assigns or successors in title. In support of that contention, appellants cite *Pythian Castle Assn. of Sacramento* v. *Daroux*, 172 Cal. 510 [157 P. 594], and *Frederick* v. *Louis*, 10 Cal.App.2d 649 [52 P.2d 533]. In the Daroux case, the covenant in a deed which was sought to be enforced against a successor in interest of the grantor was much more explicit

than that in the present case. That grant covenanted that the party of the first part "will never *himself*" erect any structure on the property involved. In the Frederick case the appellate court merely held that there was no evidence or finding that it was necessary to connect defendant's sewer pipe with the sewer belonging to plaintiff. The injunction and judgment was therefore modified to that extent. Neither cited case appears to be controlling with respect to the issue contended for by appellants in this case. We observe that the second paragraph of the easements in the present case granted to plaintiff and "its successors and assigns," the right to erect and maintain the poles and wires *on the rights of way* for specified purposes.

Nor do we deem it necessary to pass upon other issues presented by the appellants on this appeal.

For the foregoing reasons we are impelled to hold that the court abused its discretion in sustaining the demurrer of plaintiff to defendants' answer.

The judgment is reversed and the court is directed to overrule the demurrer.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied July 14, 1949, and respondent's petition for a hearing by the Supreme Court was denied August 11, 1949.