209 P.2d 12]

[Civ. No. 7717. Third Dist. Aug. 29, 1949.]

PACIFIC GAS AND ELECTRIC COMPANY, Respondent,
v. ALVIN DAVIS et al., Appellants.

Taft, Wright & Hopkins and O'Hara, Randall, Castagnetto & Kilpatrick for Appellants.

Robert H. Gerdes, W. R. Dunn and Goodman & Goodman for Respondent.

THE COURT.—This is a suit for injunction to restrain the defendants from maintaining or removing buildings alleged to have been constructed on the rights of way and easements of plaintiff across the lands of defendants in Solano County. The amended answer of the defendants alleges equitable defenses to the action. Plaintiff's demurrer to the answer was sustained without leave to amend the pleading. Judgment was rendered accordingly in favor of the plaintiff enjoining the defendants and their successors and assigns from "erecting or maintaining beneath said lines of poles and wires or any wires thereof at said place any building, structure or improvement, excepting roads and fences." From that judgment the defendants have appealed. The pleadings and issues of this case are similar to those which were involved in the case of *Pacific Gas & Electric Co.* v. *Minnette,* in which this court reversed a judgment for plaintiff on the ground that the trial court abused its discretion in sustaining plaintiff's demurrer to the answer without granting defendants leave to amend their

( 869 )

pleading. (92 Cal.App.2d 401 [206 P.2d 1138].) The Supreme Court denied a hearing in that case.

While the appeals in both of said cases were pending in this court and undetermined, the respective parties to this action filed their written stipulation to the effect that in the event this court should reverse the judgment in the Minnette case, and the Supreme Court should deny a hearing therein, this court would thereupon reverse the judgment in the present case and direct the trial court to overrule plaintiff's demurrer to the amended answer.

Pursuant to the foregoing stipulation, the judgment which was rendered in this case on April 21, 1949, is reversed, and the court is directed to overrule plaintiff's demurrer to defendants' amended complaint. By stipulation the remittitur is to issue forthwith.