[L. A. No. 779.    Department One.—December 15, 1900.]

JOHN NICOLL, Appellant, v. JOHN WELDON et al., Respondents.

PRACTICE—SETTING ASIDE DEFAULT—DISCRETION.—The granting or denying of a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court that, unless it clearly appears that there has been an abuse of this discretion, the appellate court declines to set aside the order. This discretion is best exercised when it tends to bring about a judgment upon the merits.

ID.—MOTION GRANTED ON TERMS.—The terms imposed by the court as a condition to granting a motion of the defendant to set aside a default must, in the absence of any contrary showing, be held to be ample compensation to the plaintiff for any injury he may have suffered by the delay occasioned by the motion.

'APPEAL from an order of the Superior Court of Kern County setting aside a judgment by default. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

B. Brundage, for Appellant.

Alvin Fay, for Respondents.

HARRISON, J.—After judgment had been entered against the respondents in this action upon their default, they made application to the court to have the judgment set aside and leave granted them to answer, upon the ground that their default and the judgment entered thereon was taken against them through inadvertence and excusable neglect; and in support of their motion presented affidavits setting forth the facts upon which they relied. At the hearing of the motion no counter-affidavits were filed, and the court granted their motion upon the condition that they pay into court for the use of the plaintiff the sum of twenty-five dollars. From this order the plaintiff has appealed.

The granting or denying a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court declines to set aside its order. Especially are we indisposed to review its action when it has set aside the default, and it does not appear that the plaintiff has sustained any prejudice thereby. This discretion of the court is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties. Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. (*Buell v. Emerich,*

85 Cal. 116; *Harbaugh v. Honey Lake etc. Water Co.*, 109 Cal. 70; *Melde v. Reynolds*, 129 Cal. 308.) It is for this reason that we more readily listen to an appeal from an order refusing to set aside a default, than where the motion has been granted, since in such case the defendant may be deprived of a substantial right, whereas it may be assumed, if nothing to the contrary is shown, that the plaintiff will be able at any time to establish his cause of action. If, for any reason, he will be unable to do so, that fact should be made to appear; but if he is merely subjected to delay or inconvenience by having the default set aside, he can be compensated therefor by the terms which the court will impose as the condition of granting the motion.

In the present case the court was satisfied from the evidence presented to it that the neglect of the defendants was excusable, and we see no reason for questioning its conclusion in that respect. When this fact had been determined by the court, it was its duty to grant the motion upon such terms as it should deem to be just. The delay in making the application after the judgment had been rendered was a matter to be considered by that court in determining whether to grant the relief, and the terms which it imposed as a condition of granting the motion must, in the absence of any contrary showing, be held to be ample compensation to the plaintiff. It does not appear in the present case that the plaintiff will be materially, if at all, injured by the delay. He seeks by the action an injunction against the defendants for doing certain acts, and at the commencement of the action obtained a preliminary injunction against them. The judgment obtained by him and the writ of injunction issued thereon had the effect merely to make permanent the previous restraining order, and the preliminary injunction is not impaired, nor are the defendants released from its effect by setting aside the final judgment.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.