[L. A. No. 898.   Department One. — September 10, 1901.]

JOSEPH WINCHESTER, Trustee, Appellant, v. WILLIAM
    BLACK et al., Defendants.   MRS. M. H. HOWARD, Re-
    spondent.

Judgment by Default — Order Setting Aside — Discretion — Appeal.
— The exercise of the discretion of the court in setting aside a judg-
ment by default, for mistake, inadvertence, surprise, or excusable
neglect of the defaulting party, under the authority conferred by
section 473 of the Code of Civil Procedure, will not be disturbed upon
appeal, unless an abuse of such discretion plainly appears.   The
discretion of the court is best exercised when it tends to bring about
a judgment upon the merits of the controversy.

Id. — Rule of Court — Improper Default — Ruling upon Demurrer
— Absence of Notice. — Under a rule of court providing for ten
days after notice of an order overruling or sustaining a demurrer in
which the adverse party may answer or amend, if the court did not
refuse leave to the defendant to answer, or impose terms of answer-
ing, in the absence of notice of an order dismissing a demurrer which
the defendant failed to urge, the default of the defendant was im-
properly entered.

Id. — Rights of Defendant upon Demurrer — Effect of Order Dis-
missing Demurrer. — A defendant who has interposed a demurrer to
the complaint has the right to a direct decision of the issue of law
thereby presented, whether he fails to urge it or not.   The court is
not authorized to strike out the demurrer, or to dismiss it for want of
prosecution; and an order dismissing the demurrer on that ground
has the same effect as an order overruling the demurrer, and is
equivalent thereto, as respects the right of the defendant to notice
thereof before default.

APPEAL from an order of the Superior Court of San Diego
County setting aside a default and judgment entered thereon.
E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

C. H. Rippey, and Withington & Carter, for Appellant.

Hunsaker & Britt, Luce & Sloane, and Puterbaugh & Puter-
baugh, for Respondent.

HARRISON, J.—Appeal from an order setting aside a de-
fault and judgment entered thereon.

The default of the respondent, and judgment against her in

behalf of the plaintiff, was entered November 23, 1899, and on December 4, 1899, a notice was given, in her behalf, to the attorneys for the plaintiff, of her intention to move to set the same aside, upon the ground that they had been entered by reason of mistake, inadvertence, surprise, and excusable neglect on the part of herself and her attorney. This motion was granted by the court, and the plaintiff has appealed.

It appeared from the affidavits and other evidence presented to the court at the hearing of the motion that a demurrer to the complaint was filed on behalf of the respondent herein in June, 1896, and placed upon the motion calendar in department 2 of the court, and that the hearing of the same was by consent of the parties continued from week to week for several weeks. A case involving questions similar to those presented by the complaint herein was then pending in this court, and it was the desire of all the parties that the hearing upon the demurrer should be continued until after the decision in that case. Accordingly, in March, 1897, the demurrer was stricken from the calendar. In September, 1897, the cause was transferred from department 2 to department 1 of the superior court, without any notice to or knowledge thereof by the attorney for the respondent, and on October 4th the demurrer was placed upon the law and motion calendar of that department for the next motion day,—viz., October 8, 1897. On that day no one appeared in its support, and the court made an order dismissing the demurrer for want of prosecution. Rule 17 of that court, which was in force at the time the court made this order, is as follows: "When a demurrer to a pleading is overruled or sustained, ten days after notice shall be allowed the adverse party to answer or amend, unless, upon some good cause shown, further time is given. But the court reserves the right to refuse leave to answer or amend, when proper, and in granting such leave will impose such terms as it may deem proper." In making the order dismissing the demurrer, the court did not refuse leave to answer, nor did it impose any terms upon which an answer to the complaint might be made. No notice of the order dismissing the demurrer was given to the attorney for this defendant, nor does it appear that any further proceedings were had in the cause until November 23, 1899, when default and judgment thereon were entered by the clerk.

The authority of the superior court to set aside a default, or relieve a party from any proceeding taken against him through

his mistake, inadvertence, surprise, or excusable neglect, is given by section 473 of the Code of Civil Procedure; and that the exercise of this authority is confided to the discretion of the court, and will not be disturbed upon appeal therefrom, unless such discretion shall plainly appear to have been abused, has been so frequently affirmed in this court that a reference to a few of the cases will be sufficient. (*Roland* v. *Kreyenhagen*, 18 Cal. 455; *Watson* v. *San Francisco R. R. Co.*, 41 Cal. 17; *Buell* v. *Emerich*, 85 Cal. 116; *Harbaugh* v. *Honey Lake etc. Water Co.*, 109 Cal. 70; *Merchants' Ad-Sign Co.* v. *Los Angeles Bill Posting Co.*, 128 Cal. 619; *Melde* v. *Reynolds*, 129 Cal. 308; *Nicoll* v. *Weldon*, 130 Cal. 666.) In *Nicoll* v. *Weldon*, 130 Cal. 666, we said: "The granting or denying a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court, that unless it is clearly made to appear that there has been an abuse of this discretion, this court declines to set aside its order. Especially are we indisposed to review its action when it has set aside the default, and it does not appear that the plaintiff has sustained any prejudice thereby. This discretion of the court is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties."

By filing a demurrer to the complaint, an issue of law was raised, which the court was required to decide, and before any judgment could be rendered against the defendant, she had the right to have this issue of law decided, just as a defendant has the right to have an issue of fact, raised in his answer to the complaint, determined before any judgment can be rendered against him. The court would be no more authorized to strike the demurrer from the record for want of an appearance to sustain it, or to deprive the defendant of the right to have it considered, than it would be authorized to strike an answer from the files and disregard the issues raised by it, in case there should be no appearance on the part of the defendant at the time set for the trial of the cause. The order dismissing the demurrer must therefore be regarded with the same effect, and as equivalent to an order overruling it. (*Voll* v. *Hollis*, 60 Cal. 569; *Davis* v. *Hurgren*, 125 Cal. 48.)

Under the rule of the court above quoted, the defendant was entitled to receive a notice of the order dismissing the demurrer before any default could be taken against her. It is not claimed that any notice was given, and although there are

some statements in the affidavits on behalf of the plaintiff tending to show that the defendant's attorney was informed of the action of the court, they are insufficient to justify our interference with the discretion exercised in setting aside the default.

The lapse of time between the dismissal of the demurrer and the entry of the default did not take away the right of the defendant to make the application under section 473 of the Code of Civil Procedure. Until the default had been entered, there was no proceeding taken against her from which she was required to seek relief.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.