[S. F. No. 2079.  Department One.—June 9, 1902.]

THOMAS LANGFORD, Respondent, v. MARTHA A. LANGFORD, Appellant.

PLEADING—COUNTERCLAIM—CROSS-COMPLAINT—DEFAULT OF PLAINTIFF— PROOF OF CAUSE OF ACTION.—The fact that the default of the plaintiff has been entered for failure to answer a cross-complaint of the defendant setting forth the same matter of counterclaim pleaded in his answer, cannot deprive .the plaintiff of the right to prove the cause of action set forth in his complaint.

ID.—SETTING ASIDE DEFAULT—DISCRETION—APPEAL.—The discretion of the court was properly exercised in setting aside the default of the plaintiff to the alleged cross-complaint, his belief not being entirely unfounded that such cross-complaint did not require an answer, as containing mere matter of counterclaim; and as it appears that the defendant did not sustain any injury from the action of the court, it will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

L. F. Puter, for Appellant.

Ernest Sevier and Denver Sevier, for Respondent.

HARRISON, J.—The plaintiff commenced this action to recover from the defendant certain moneys alleged to have been paid by him at her request, and on December 22, 1898, the defendant filed an answer thereto. March 13, 1899, she filed an amended answer, setting forth therein a counterclaim against the plaintiff, together with a cross-complaint, in which the allegations are identical with those of the counterclaim. The cause came on for trial April 10, 1899, before the court sitting with a jury. The plaintiff had not answered the cross-complaint, and on that day the clerk entered his default thereto. After the jury had been impaneled, the plaintiff offered testimony in support of the complaint, to which the defendant objected, on the ground that there had been no appearance on the part of the plaintiff to the cross-complaint. This objection was overruled by the court and an exception noted. At the close of the plaintiff's case, and before the defendant had offered any evidence, the court granted an application of the plaintiff to set aside his default to the cross-complaint. The trial thereupon proceeded, and upon the submission of the cause to the jury it rendered a verdict in favor of the plaintiff. From the judgment entered thereon the defendant has appealed. No motion for a new trial was made, but the appeal is presented upon the judgment-roll with a bill of exceptions, and the grounds urged in support thereof are, that the court erred in overruling the objection to receiving evidence in support of the plaintiff's claim and in setting aside his default.

1. The failure of the plaintiff to answer the cross-complaint did not deprive him of the right to establish the cause of action set forth in his complaint. A verdict upon the cross-complaint in favor of the defendant would not, *ipso facto*, extinguish his claim against her or defeat his right to have the issue thereon determined. Each of the parties was

seeking a money judgment against the other, and if the defendant should establish her claim upon the cross-complaint the court would enter judgment in favor of the one who should establish the greater claim, but only for the difference between the two.

2. A motion to set aside a default rests so largely in the discretion of the trial court that its action thereon will very rarely be disturbed upon an appeal. (See *Winchester* v. *Black,* 134 Cal. 125, and cases cited therein.) As was said in *Nicoll* v. *Weldon,* 130 Cal. 666, ''Especially are we indisposed to review its action when it has set aside the default, and it does not appear that the plaintiff has sustained any prejudice thereby. This discretion of the court is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties.'' The affidavit of the plaintiff's attorney in excuse of his failure to file an answer to the cross-complaint presented matters which the court, in the exercise of its discretion, might readily deem a sufficient excuse. The fact that the allegations of the cross-complaint are identical with those of the counterclaim may have induced a belief in the plaintiff's attorney that the entire document constituted only a defense to his complaint, and his belief that the cross-complaint did not require an answer was not entirely unfounded, since the allegations set forth therein do not in any way appear ''to relate to or depend upon the contract or transaction upon which the action is brought or to affect the property to which the action relates,'' as required for a cross-complaint by section 442 of the Code of Civil Procedure, but are appropriate to ''a cause of action arising upon contract and existing at the commencement of the action'' which is to be pleaded by way of counterclaim.

It is, moreover, manifest that the defendant did not sustain any injury by reason of the action of the court. The default was not entered until the day on which the cause came on for trial, but whether before or after the trial began does not appear, and it is recited in the bill of exceptions that testimony was introduced by the defendant in support of the allegations of her answer, counterclaim, and cross-complaint, and by the plaintiff in rebuttal thereto. It is not claimed that the defendant was deprived of an opportunity to introduce any evidence in support of her claim, or that

she did not introduce all that she could have introduced therefor. The cause appears to have been fully tried upon its merits, and it does not appear that the defendant has been deprived of any right. Under such circumstances it would be sacrificing substance to form to reverse the judgment, even if it were conceded that the court erred in its ruling.

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.