[Civ. No. 1261.  First Appellate District.—May 26, 1913.]

## JOHN W. STALEY, Appellant, v. THOMAS O'DAY, Respondent.

DEFAULT JUDGMENT—VACATION—UNAUTHORIZED EXTENSIONS OF TIME TO ANSWER.—A court does not abuse its discretion in vacating a default judgment where the defendant relied upon unauthorized orders extending his time to answer beyond the thirty-day period, and until such time as the plaintiff furnished him with a complete bill of particulars necessary to enable him to prepare his defense.

ID.—VACATION OF DEFAULT—DISCRETION OF TRIAL COURT—REVIEW ON APPEAL.—The granting or denying of a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court that, unless an abuse of discretion is clear, an appellate court is indisposed to review the action of the lower court, especially when it has set aside the default, and the plaintiff does not appear to have sustained any prejudice thereby.

ID.—LATITUDE ALLOWED IN VACATING DEFAULT INADVERTENTLY TAKEN. A default inadvertently permitted by a party having a substantial defense presents a case in which great latitude should be extended to the discretion of the court by which the default was set aside.

ID.—MISTAKE OF LAW AS GROUND FOR VACATING DEFAULT.—A mistake of law is a "mistake" within the meaning of section 473 of the Code of Civil Procedure, from the effect of which a party may be relieved.

PLEADING—EXTENSION OF TIME TO ANSWER BEYOND THIRTY DAYS.—A court exceeds its jurisdiction in extending the time to answer beyond the period of thirty days.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a default judgment. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

James A. Bacigalupi, and Harry G. McKannay, for Appellant.

Walter H. Linforth, and A. H. Crook, for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from an order vacating and setting aside a judgment by default entered against the defendant.

The action is for three thousand dollars, a balance claimed to be due from the defendant to one Harry G. McKannay, the assignor of the plaintiff, for services rendered in the capacity of attorney at law. The action was commenced on December 9, 1910; and some time in the latter part of the following February the defendant had obtained from the court by various orders all the time to answer which the court, under the provisions of section 1054 of the Code of Civil Procedure, was authorized to grant. Upon filing his demurrer to the complaint defendant served upon the plaintiff a demand for a bill of particulars. In conformity with this demand a bill of particulars was served on the defendant within defendant's time to answer, but upon a proper showing plaintiff was directed to serve the defendant with a more definite bill of particulars. Instead of complying with this order at once or within the five days specified, plaintiff by various orders had his time to serve this bill extended thirty days. In the mean while any extension of time which the court could grant the defendant to answer being about to expire, and the counsel who at that time represented him deeming a full bill of particulars essential to enable him to properly prepare defendant's answer, and believing that the court had the power to grant it, secured from the court an order staying all proceedings until ten days after he should be served with such bill. The second bill of particulars was ultimately served, but the defendant objected to it, and upon an application duly made the court again ordered a more complete bill of particulars, and at the same time made another order staying all proceedings in the cause until ten days after service upon defendant of such third bill. The plaintiff did not comply with the order to serve this bill within the time directed, but by various orders had his time to do so extended thirty days. In the mean time, the case having been transferred from the department of the superior court in which it was pending to extra session No. 1 thereof, the plaintiff, without notice to defendant or his counsel, applied to the judge of the latter department and secured from him an order vacating and setting aside the last order for a bill of particulars and the pending order staying proceedings. Thereafter on the same day plaintiff served on defendant an application to enter the latter's default, and had the time for giving notice of such

motion shortened to two days.   This motion was subsequently granted; and thereafter the defendant applied to the court to set aside the default and judgment against him, upon the grounds enumerated in section 473 of the Code of Civil Procedure, which motion, after notice and hearing, was granted upon terms.

The question thus presented by the record is, Did the court abuse its discretion in vacating the default and judgment against defendant?

We are not prepared to say that its action amounted to an abuse of discretion.   "Applications of this nature are addressed to the sound legal discretion of the court below, and the order of that court, either in granting or denying the motion, will not be disturbed by this court, unless the appellant shall make it appear to have been so clearly erroneous as to amount to an abuse of discretion."   (*Williamson* v. *Cummings Rock Drill Co.,* 95 Cal. 652, [30 Pac. 762].   See, also, *Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935]; *Merchants' Ad-Sign Co.* v. *Los Angeles Bill Posting Co.,* 128 Cal. 619, [61 Pac. 277]; *O'Brien* v. *Leach,* 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004].)

It is not disputed that the court exceeded its jurisdiction in extending defendant's time to answer beyond the statutory period of thirty days; but the counsel who represented defendant at that time states in his affidavit filed herein that he believed those orders legal and valid; and that as he deemed a complete bill of particulars necessary to enable him to properly and fully prepare defendant's answer to the complaint, he deferred doing so, relying on those orders, until he should obtain such particulars.   The judge before whom the cause was pending at that time having made these orders, must have believed that he had the power to do so and that the defendant was entitled to them; and as counsel for plaintiff, for aught that appears, did not himself question the regularity and validity of these orders until May 3d, it would seem that the judge who set aside the default of defendant was warranted in concluding that these circumstances constituted a fair and sufficient excuse for defendant's delay up to May 3d when the order staying proceedings was vacated.

As to the balance of time that elapsed before defendant answered, it is true that the motion to enter defendant's default

was pending for a little more than fifty days; but we cannot assume—nor are we in fact asked to assume—that the various continuances of that matter were owing to the neglect or fault of the defendant, and "the delay in making the application after the judgment had been rendered was a matter," like other matters in the case, "to be considered by that court in determining whether to grant the relief, and the terms which it imposed as a condition of granting the motion must, in the absence of any contrary showing, be held to be ample compensation to the plaintiff." (*Nicoll* v. *Weldon*, 130 Cal. 666, [63 Pac. 63].)

It appears from the record that defendant had a substantial defense and that he intended to contest the action. It also appears that no prejudice has been sustained by plaintiff by reason of the court's action, for when the action was commenced an attachment was levied, and thereafter it was released by the filing of the usual undertaking, approved by the trial judge; so plaintiff is secure in the payment of any judgment he may recover. Finally, to protect the plaintiff, the court, in opening the default, ordered the defendant to pay plaintiff's costs thus far incurred. In view of all these circumstances we feel that the case should be tried on its merits. The authorities sustain this view. "The granting or denying a motion to set aside the default of a defendant is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court declines to set aside its order. Especially are we indisposed to review its action when it has set aside the default, and it does not appear that the plaintiff has sustained any prejudice thereby." (*Nicoll* v. *Weldon*, 130 Cal. 666, [63 Pac. 63]; *Winchester* v. *Black*, 134 Cal. 125, [66 Pac. 197]; *Langford* v. *Langford*, 136 Cal. 507, [69 Pac. 235].)

"A default inadvertently permitted by a party having a substantial defense presents a case in which great latitude should be extended to the discretion of the court by which the default was set aside." (*Harbaugh* v. *Land & Water Co.*, 109 Cal. 70, [41 Pac. 792].)

There is no merit in the contention that a mistake of law is not a "mistake" within the meaning of section 473 of the Code of Civil Procedure from the effect of which a party may

be relieved under the section.   In other words, the language of that section does not limit the relief to mistakes of fact. (*Douglass* v. *Todd,* 96 Cal. 655, [31 Am. St. Rep. 247, 31 Pac. 623] ; *Tuttle* v. *Scott,* 119 Cal. 586, [51 Pac. 849] ; *Langford* v. *Langford,* 136 Cal. 507, [69 Pac. 235].)

The order is affirmed.

Lennon, P. J., and Hall, J., concurred;

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 25, 1913.