[Civ. No. 2879.   Third Appellate District.—March 23, 1925.]

## RUTH JONES, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

[1] MOTIONS—NOTICE—FAILURE TO SERVE PAPERS.—While a paper referred to in a notice of motion and not served therewith cannot be admitted in evidence at the hearing of the motion, the failure to serve such paper is not a ground for refusing to hear the motion or to admit in evidence other papers properly served.

[2] APPEAL—MOTION TO SET ASIDE DEFAULT—AFFIDAVIT OF MERITS BY COUNSEL.—While it is a general rule that an affidavit of merits should be made by a party to the action, on a motion to set aside the default of the defendant in failing to prepare, serve, and file its bill of exceptions on appeal within the time prescribed by law, an affidavit of merits signed by the attorney for defendant who conducted the litigation and prepared the bill of exceptions, and wherein he states "that said defendant believes, and its counsel believes, that said defendant has meritorious grounds of appeal," ought to be considered a sufficient showing of merits.

[3] ID.—DELAY IN PREPARING BILL OF EXCEPTIONS — MOTION TO SET ASIDE DEFAULT—MISTAKE—DISCRETION OF TRIAL COURT—APPEAL. On this appeal from an order of the trial court relieving defendant from its default in failing to prepare, serve, and file its bill of exceptions on appeal within the time prescribed by law, although the affidavit offered in support of defendant's motion did not state that defendant had intended to move for a new trial, but only that affiant (defendant's counsel) believed that such a notice had been served and filed, and, therefore, did not constitute a strong showing of mistake, the appellate court could not

3. See 2 Cal. Jur. 564, 565.

say that the trial court had abused its discretion in granting defendant the desired relief, inasmuch as it appeared without contradiction that defendant proceeded promptly and with due diligence to prepare its draft of bill of exceptions and that owing to the length thereof, it could not reasonably have completed the same at an earlier date than it did, and no prejudice had been suffered by plaintiff.

(1) 4 C. J., p. 292, n. 8.    (2) 4 C. J., p. 292, n. 8.    (3) 4 C. J., p. 291, n. 5, p. 292, n. 6, p. 793, n. 62 New, p. 842, n. 55 New.

APPEAL from an order of the Superior Court of San Mateo County relieving defendant from default in the preparation of a bill of exceptions. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooley & Crowley, Cooley & Gallagher, and Lasher B. Gallagher for Appellant.

Levinsky & Jones for Respondent.

FINCH, P. J.—This appeal is from an order of the trial court relieving the defendant from its default in preparing and serving its draft of a bill of exceptions within the time allowed by law.

From the affidavit of Arthur L. Levinsky, one of the attorneys for defendant, it appears that judgment in the action was entered on the eighth day of November, 1923; that on the next day affiant requested the official court reporter to prepare a transcript of all the testimony taken at the trial and that the reporter agreed to do so; that such transcript was delivered on the fourteenth day of December, 1923, and "immediately upon receipt of the aforesaid transcript . . . affiant began dictating . . . the proposed bill of exceptions . . . and ever since the fourteenth day of December, 1923, save and except on Sundays and legal holidays" affiant's stenographer "has been actively and continuously engaged in preparing said proposed bill of exceptions"; that such transcript contains 351 pages of typewritten matter, without including the instructions or special findings of the jury, "and that by reason thereof it would have been impossible to prepare said proposed bill of exceptions within a shorter period of time

than has been already occupied in the preparation thereof; that affiant has had charge of the preparations of said proposed bill of exceptions, and he has continuously, zealously, and diligently dictated the same, and has used every effort, together with the aforesaid stenographer . . . to complete said proposed bill of exceptions; . . . that the appeal from the judgment . . . which is about to be taken by said defendant is not taken by said defendant for mere purposes of delay, but for the reason that said defendant believes, and its counsel believes, that said defendant has meritorious grounds of appeal, and said appeal will be diligently prosecuted.'' The affidavit further states that affiant ''believed that a notice of intention to move for a new trial on the part of defendant . . . had been given, served and filed, herein, and by reason of the said belief . . . your affiant did not, neither did his partner, Gilbert L. Jones, preserve the time within which to prepare and serve the aforesaid bill of exceptions, and it was first discovered by affiant on the 3rd day of January, 1924, when affiant was examining the records and files in the above-entitled action in the office of the clerk of the above court, that no notice of intention to move for a new trial in the above-entitled action had been served or filed by defendant; . . . that if a notice of intention to move for a new trial had been served and filed by the defendant . . . the time within which said defendant would have been required to serve its proposed bill of exceptions herein would have been extended to at least the 26th day of January, 1924; that plaintiff herein, therefore, has suffered no injury in point of time, or otherwise, by reason of the failure of said defendant herein failing to preserve its time within which to serve said proposed bill of exceptions, and will not be injured, especially by the reason of the fact that said proposed bill of exceptions is virtually completed, and can be completed by the 7th day of January, 1924, and that the same will be ready to be served on the 14th day of January, 1924, on the hearing of the motions that will be made by the defendant . . . for the purpose of opening the said default.'' The motion was heard and granted on the fourteenth day of January, 1924. The proposed bill of exceptions was admitted in evidence on the hearing of the motion. The notice of motion and the fore-

going affidavit are dated January 4, 1924. It does not appear when they were served.

[1] The notice stated that the motion would be made "upon this notice, and upon the records, pleading, files and minutes of the court, in the above-entitled action, upon the affidavit of Arthur L. Levinsky, served and filed herewith, and upon such other evidence either oral or documentary as may be produced on the hearing of the motion, and upon the said proposed bill of exceptions, which will be there and then ready for service." The proposed bill of exceptions was not served with the notice. Plaintiff objected to the hearing of the motion upon the ground of such failure of service of the proposed bill. The draft of the bill of exceptions was not admitted in evidence for the purpose of proving anything contained therein, but "for the purpose of showing that the defendant Southern Pacific Company in pursuing the preparation of said proposed bill of exceptions had acted in good faith, and that said proposed bill of exceptions was ready for service at said time, and it was and is stipulated that said proposed bill of exceptions may be omitted from this bill of exceptions on behalf of the plaintiff Ruth Jones." No objection was made to the admission of the proposed bill for the purposes stated, but plaintiff's objection was "to the hearing of said motion." Section 1010 of the Code of Civil Procedure provides that the notice must state "the papers, if any, upon which it is to be based. If any such paper has not previously been served upon the party to be notified and was not filed by him, a copy of such paper must accompany the notice." It may be true that a paper referred to in the notice and not served therewith cannot be admitted in evidence at the hearing, but failure to serve such paper is not made a ground for refusing to hear the motion or to admit in evidence other papers properly served.

[2] It is contended that no affidavit of merits accompanied the application for relief. The affidavit states "that said defendant believes, and its counsel believes, that said defendant has meritorious grounds of appeal." It is urged that the affidavit of merits "should have shown that the prospective appellant had consulted counsel and had been advised by them that in their opinion it had reasonable grounds to expect a reversal of the judgment appealed from,

if the appeal were considered on the merits." It is a general rule that an affidavit of merits should be made by a party to the action, because ordinarily he is more familiar with the facts than is his attorney, but in this case the attorney who conducted the litigation is doubtless more familiar than the defendant with the grounds of appeal, and the belief, or opinion, of such attorney that there are meritorious grounds of appeal contained in a record which he himself prepared ought to be considered a sufficient showing of merits.

[3] The affidavit does not state that defendant had intended to move for a new trial, but only that affiant believed that such a notice had been served and filed. The showing of mistake is not strong and, as said in *Harbaugh* v. *Land & Water Co.*, 109 Cal. 70, 72 [41 Pac. 792], "the action of the court came very near the border line which divides the exercise of discretion from the abuse of such discretion." The showing in that case was not stronger than in this and the order granting relief was affirmed. A similar order was affirmed in *Stonesifer* v. *Kilburn*, 94 Cal. 33 [29 Pac. 332], on slight evidence of mistake. "An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing, an application to open a default. Indeed, the cases in which this court has held that such relief was improperly granted are very rare." (*Jergins* v. *Schenck*, 162 Cal. 747, 748 [124 Pac. 426]. See, also, *Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 Pac. 204]; *In re Barney*, 191 Cal. 18 [214 Pac. 853]; *Jones* v. *Title Guaranty etc. Co.*, 178 Cal. 375 [173 Pac. 586]; *Savage* v. *Smith*, 170 Cal. 472 [150 Pac. 353]; *Downing* v. *Klondike Min. etc. Co.*, 165 Cal. 786 [134 Pac. 970]; *Mitchell* v. *California etc. S. S. Co.*, 156 Cal. 576 [105 Pac. 590]; *O'Brien* v. *Leach*, 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac. 1004]; *Langford* v. *Langford*, 136 Cal. 507 [69 Pac. 235]; *Miller* v. *Carr*, 116 Cal. 378 [58 Am. St. Rep. 180, 48 Pac. 324]; *Stanley* v. *O'Day*, 22 Cal. App. 149 [133 Pac. 620]; *Pelegrin-*

*elli* v. *McCloud River etc. Co.*, 1 Cal. App. 593 [82 Pac. 695].) In this case it appears without contradiction that the defendant proceeded promptly and with due diligence to prepare its draft of a bill of exceptions and that it could not reasonably have completed the same at an earlier time than it did. Undoubtedly the court would have extended the time for such preparation if application therefor had been made. No prejudice has been suffered by the plaintiff in the action except its asserted right to prevent a hearing on the merits by reason of the defendant's default. The only delay in the determination of the appeal from the judgment has been caused by the opposition of the plaintiff to defendant's application for relief from its default and this appeal from the order granting such relief. Under such circumstances the ends of justice will be best served by upholding the action of the trial court.

Immediately after the return of the verdict the defendant, under the provisions of section 629 of the Code of Civil Procedure, made a motion for judgment in favor of defendant notwithstanding the verdict. The defendant did not, in the motion, reserve "the right to apply for a new trial" in the event of the denial of the motion. Appellant contends that the defendant thereby forfeited its right to move for a new trial and that therefore defendant's counsel could not have believed that a motion for a new trial had been made. It is not necessary to construe section 629, because if it be conceded that appellant's construction thereof is correct, it would only go to the weight of affiant's statement in the affidavit that he believed the notice of intention to move for a new trial had been given, a question for the trial court's determination.

The order is affirmed.

Jones, J., *pro tem.*, and Plummer, J., concurred.