[Civ. No. 3569.  Third Appellate District.—October 18, 1928.]

THE CARBONDALE MACHINE CO. (a Corporation), Appellant, v. A. J. EYRAUD, Respondent.

McGovney & Klein for Appellant.

Newby & Palmer and Nathan Newby, Jr., for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by plaintiff from an order setting aside and vacating a default judgment.

On May 14, 1926, the plaintiff, The Carbondale Machine Co., a corporation, commenced this action in the superior court of the county of Los Angeles against defendant, for damages for breach of a certain contract, signed by defendant, wherein plaintiff agreed to erect for defendant an automatic refrigerating plant. On the same date the summons was issued and personally served upon the defendant, A. J. Eyraud, in the county of Los Angeles. No appearance was made by defendant within the time allowed by law, and on June 9, 1926, the default of the defendant was entered, and thereafter, on June 23, 1926, the court ordered judgment entered against the defendant and in favor of the plaintiff for the sum of $1,609.30, damages and costs, and on the same day said judgment was entered.

On July 17, 1926, defendant made application to the trial court to have the default set aside and the judgment

vacated upon the ground "That said judgment was entered through mistake, inadvertence, surprise and neglect of defendant's counsel."

In support of this motion the defendant presented his own affidavit and the affidavit of his counsel setting forth the facts upon which he relied. No counter-affidavits were filed, or counter-showing made by plaintiff, and the court granted defendant's motion and vacated the default and set aside the judgment, and permitted defendant to file his answer. The court did not impose any terms upon the defendant.

From this order the plaintiff prosecutes this appeal.

■ The granting or denying of a motion of this character is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court will decline to set aside the trial court's order. (*Nicoll* v. *Weldon*, 130 Cal. 666 [63 Pac. 63]; *Staley* v. *O'Day*, 22 Cal. App. 149 [133 Pac. 620]; *Jones* v. *Southern Pacific Co.*, 71 Cal. App. 773 [236 Pac. 336] and cases there cited.)

■ There is no showing whatever of any abuse of discretion on the part of the trial court. The court was satisfied from the undisputed evidence presented to it that the neglect of the defendant was excusable and we see no reason for questioning its conclusion in that respect. The defendant filed a sufficient affidavit of merits with his application for relief.

The affidavit of defendant contains these facts: " . . . that he was served with a summons in the above-entitled cause on the 24th day of May, 1926, and upon said day that he took the copy of the summons and complaint that had been served upon him to ᾿Wm. Fleet Palmer, of the firm of Newby & Palmer, and employed him to defend said action . . . and he was further advised by said attorney that he would take care of the said matter and would appear in the said cause and would present the defendant's defense in said action, and affiant, fully relying upon the statement of the said Wm. Fleet Palmer, and resting in confidence that the said Mr. Palmer would take such steps as were necessary to defend him in said action, and affiant believed that such steps had been taken by said attorney, until the 12th day of July, 1926, at which time affiant was informed that a judgment had been entered against him by default in said

case. That affiant immediately upon hearing that a judgment had been entered against him by default in said case, called up said attorney by telephone and asked him about the matter, and then for the first time learned that the said Wm. Fleet Palmer had failed to file an appearance for him in said cause . . . "

The affidavit of defendant's counsel, Wm. Fleet Palmer, is also in part as follows: "That on the 24th day of May, 1926, the defendant in the above entitled cause brought to him a copy of the complaint and summons in said cause that had been served upon defendant on that day . . . and the defendant then and there directed affiant to look after the matter for him and to enter an appearance and make his defense. Affiant further says that the firm of Newby and Palmer had at that time a large number of cases that were being sharply contested, and there was a great volume of business in the office of said firm; that on the 22d day of April, 1926, Nathan Newby, Esq., of said firm, left the state of California on a business and pleasure trip, and has ever since said day been absent from said city. That there developed upon affiant at said time the duty of managing and caring for all of the business of said firm; that at the time the employment by said defendant in said cause was accepted, affiant fully intended to file an appearance in said cause and present the defense of the defendant thereto; that in the rush and confusion of attempting to carry on the business of said firm in the absence of Mr. Newby, affiant totally, by inadvertence and oversight, failed to prepare and serve and file the answer . . . and affiant avers that the said' cause of action totally escaped his attention and remembrance until affiant was called upon the telephone by defendant on July 12, 1926, when defendant informed affiant that a judgment had been entered by default . . . "

The facts presented by these affidavits, as we have stated, were undisputed, and we think constituted excusable neglect under section 473 of the Code of Civil Procedure, and fully warranted the court in granting the motion.

Appellant contends that the court abused its discretion in relieving defendant from his default, without imposing terms upon him. There is no merit in this contention. There was no showing made to the court that would warrant it in imposing any terms upon the defendant;

neither did plaintiff make any showing whatever that it would suffer any prejudice by the default being set aside and the judgment vacated, and the case heard upon its merits. Therefore, in the absence of such a showing, it would have been improper for the trial court to have imposed any terms upon the defendant. It is to be assumed, if nothing to the contrary is shown, that plaintiff will be able at any time to establish its cause of action. If, for any reason, it will be unable to do so, that fact should be made to appear. (*Nicoll v. Weldon, supra.*)

It has often been stated by the appellate court of this state that the power of the trial court should be freely and liberally exercised, under section 473 of the Code of Civil Procedure, to mold and direct its proceedings so as to dispose of cases upon their substantial merits, and its orders will not be reversed unless its power has been exercised in a manner which is calculated to defeat, rather than advance, the ends of justice. (*Buell* v. *Emerich,* 85 Cal. 116 [24 Pac. 644]; *Harbaugh* v. *Honey Lake Val. Land & Water Co.,* 109 Cal. 70 [41 Pac. 792]; *Nicoll* v. *Weldon, supra.*)

In *Berri* v. *Rogero,* 168 Cal. 740 [145 Pac. 97], the court used the following language, which is particularly appropriate in the case at bar: "The law does not favor snap judgments. The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence or neglect of his adversary. Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default."

If the appellant had exercised as much industry in trying to bring about a trial of this case on the merits as it has in trying to prevent a trial on the merits, the action would no doubt have long since been finally determined.

We see no reason to continue this discussion. We think the appeal is wholly without merit.

The order is affirmed.

Plummer, J., and Finch, P. J., concurred.