[Civ. No. 3564. Third Appellate District.—November 26, 1928.]

GUY BROOKS, as Executor, etc., Respondent, v. BELLE OTT NELSON et al., Appellants.

Henry P. Goodwin and Burton B. Crane for Appellants.

Barker & Keithley for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by defendants from an order of the trial court refusing to vacate a default judgment and also an appeal from the judgment.

On October 29, 1919, the defendants, for value received, made, executed, and delivered to one W. J. Knapp their promissory note for the sum of twenty-five thousand dollars, due one year after date, with interest at the rate of twelve per cent per annum, and secured by an assignment of whatever interest defendant had ''as heir at law or legatee in the estate of Adam Ott, deceased.'' The note was not paid, and on October 29, 1924, the plaintiff, as executor of the last will and testament of W. J. Knapp, deceased, commenced this action in the superior court of Los Angeles County to collect all sums due under and by virtue of said note. The summons was issued and personally served upon both defendants in Los Angeles County on November 6, 1924. Neither of the defendants appeared in the action within the time allowed by law and their default was regularly entered by the clerk on the 29th of November, 1924. On February 5, 1925, the defendants made a motion to vacate the default. This motion was denied by the court on February 11, 1925. The record before us does not contain the grounds upon which this motion was made, or what showing, if any, was made in support thereof. The transcript merely shows a copy of the minute order of February 11, 1925, denying the motion.

On June 19, 1925, judgment by default was rendered by the court and the same was duly entered on June 24, 1925. On July 14, 1925, defendants made a motion, under section 473 of the Code of Civil Procedure, to vacate and set aside the judgment, but no further motion was made to vacate the default entered on November 29, 1924. On August 8, 1925, this motion was denied.

This appeal is from the judgment, and also from the order of August 8, 1925.

 Respondent contends that when the order of August 8, 1925, was made, denying defendants' motion to vacate the judgment, the trial court had no jurisdiction to vacate either the default or the judgment. We think this contention must be sustained. It must be remembered that the default of defendants was entered by the clerk on November 29, 1924, and the motion to vacate the judgment was not filed until July 14, 1925. Therefore, the default of defendants had been entered for a period of seven months and fifteen days when the motion to vacate the judgment was made.

The application was made under section 473 of the Code of Civil Procedure, which provides that an application for relief from a judgment, order or other proceedings taken against the applicant through his mistake, inadvertence, surprise, or excusable neglect, *must be made* "within a reasonable time, but in no case exceeding six months after such judgment, order or proceedings was taken." In construing this provision of the code, where personal service was had upon the defendant, as was the case here, both the supreme court and this court have held *that the clerk's entry of a default, and not the entry of the judgment by the court, fixes the beginning of the six months within which the application must be made.* (*Title Ins. Co.* v. *King Land Co.,* 162 Cal. 44 [120 Pac. 1066]; *McLain* v. *Llewellyn Iron Works,* 56 Cal. App. 58 [204 Pac. 869]; *Mader* v. *Christie,* 52 Cal. App. 138 [198 Pac. 45]; *Hinds* v. *Superior Court,* 65 Cal. App. 223 [223 Pac. 422].) Therefore, if the motion made on July 14, 1925, be considered a motion to vacate the default, as well as the judgment, it is clear that it was made too late.

 The setting aside and vacating the judgment alone, which was all the relief sought in said motion, would have been an idle act, because the default, entered on November 29, 1924, would have stood undisturbed. The default cut off defendants from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand.

 A defendant against whom a default has been entered is out of court and is not entitled to take any further

steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings or move for a new trial, or demand notice of subsequent proceedings. (*Title Ins. Co.* v. *King Land Co., supra; Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27]; *Lunnun* v. *Morris,* 7 Cal. App. 710 [95 Pac. 907]; *Green* v. *Rogers,* 18 Cal. App. 572 [123 Pac. 974].) If the judgment were vacated it would be the duty of the court immediately to render another judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto. (*Title Ins. Co.* v. *King Land Co., supra.*)

However, if it be considered that the application of July 14, 1925, was the first application made and that it was timely made under section 473 of the Code of Civil Procedure, and included a motion to vacate the default as well as the judgment, still we think the court's order denying relief to defendants was correct.

The granting or denying of a motion of this character is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court will decline to set aside the trial court's order. (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63]; *Staley* v. *O'Day,* 22 Cal. App. 149 [133 Pac. 620]; *Jones* v. *Southern Pacific Co.,* 71 Cal. App. 773 [236 Pac. 336]; *Jerkins* v. *Schenck,* 162 Cal. 747 [124 Pac. 426]; *Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353]; *Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 Pac. 204]; *Brasher* v. *White,* 53 Cal. App. 545 [200 Pac. 657]; *Toon* v. *Pickwick Stages,* 66 Cal. App. 450 [226 Pac. 628]; *Rahn* v. *Peterson,* 63 Cal. App. 199 [218 Pac. 464]; *Park* v. *Hillman,* 67 Cal. App. 92 [224 Pac. 100]; *Sofuye* v. *Pieters-Wheeler Seed Co.,* 62 Cal. App. 198 [216 Pac. 990].)

But before the court can be called upon to exercise a discretion to relieve a defendant from a default under section 473 of the Code of Civil Procedure at least two things must be made to appear, to wit: (1) The defendant must present to the court a reasonable excuse, based upon one of the statutory grounds of mistake, inadvertence, surprise, or excusable neglect, why he did not appear within the time provided by law; (2) that if permitted to appear,

he has a meritorious defense to plaintiff's cause of action upon the merits, or, in other words, the party in default must show both good cause for the delay and a meritorious defense before he can call upon a court for relief. Neither of these essential elements was shown to the trial court in this case. ■ An examination of the record, including the affidavits and the proposed answer, shows that the only matters upon which defendants rely in support of either phase of this twofold showing are, (1) the denial in the proposed answer for lack of "sufficient knowledge or information upon which to base a belief" of the nonpayment of the note, upon the theory that possibly the executor of the Ott will may have made payments on the note without defendants' knowledge; (2) the entry of the decree of distribution in the Knapp estate two days before the commencement of this action, distributing the note in question to the ward and minor son of plaintiff, coupled with the averment in defendants' affidavits to the effect that they did not know of the entry of the decree of distribution in the Knapp estate until after their default had been entered.

Section 437 of the Code of Civil Procedure does not permit such a traverse of a positive allegation in a verified complaint. Under this section, the only time when such an allegation may be denied, other than positively, is when a defendant has no "information *or belief* upon the subject sufficient to enable him to answer," in which case he may so state in his answer and base his denial upon that ground. It is clear that the denial in the proposed answer is insufficient. The answer does not state that defendants have *"no belief"* upon the subject of payment.

In the case of *Turner* v. *Watkins,* 36 Cal. App. 503 [172 Pac. 620], the court said: "It will be observed that the denials in the answer in this action were predicated upon a lack of information only and not upon a lack of information and belief. A denial in that form is insufficient, for section 437 *permits a denial only upon the want of both information and belief and not upon a want of information alone."*

■ Furthermore, a defendant may not deny for lack of information and belief matters as to which he has knowledge or which are presumptively within his knowledge. The rule is also well established that when the existence of an

alleged fact may be ascertained from an inspection of a public record, its existence cannot be put in issue by a denial based solely upon information and belief. (*Wm. Wilson Co.* v. *Trainor*, 27 Cal. App. 43 [148 Pac. 954]; *Art Metal Const. Co.* v. *Anderson Co.*, 182 Cal. 33 [186 Pac. 776].) In this case it is not even stated whether or not any moneys ever became due to either of the defendants from the Ott estate and, if so, whether or not they have tried to ascertain if any payments were made by the executor on the obligation in question. The proof shows that defendants never, until the time of the filing of the proposed answer, questioned the balance claimed to be due on the note. Defendants knew of the filing of the action as early as November 6, 1924, when summons was served upon them, and they were then apprised of the exact amount of the demand; they knew of the entry of the default, according to the affidavit of Belle Ott Nelson, as early as February 1, 1925, yet five months after that time, and on July 14, 1925, they verified the proposed answer containing this evasive and frivolous denial. If there was money available for payment, and the remotest possibility that any such payment had been made, they had ample time within which to investigate and acquaint themselves with the facts. If they made such an investigation and for some unusual reason they were unable to learn the facts, they should have so stated in their answer.

In *Zany* v. *Rawhide Gold Mining Co.*, 15 Cal. App. 373 [114 Pac. 1026], the court used this language, which is particularly appropriate in the case at bar: ''The assumption that defendant had no positive knowledge as to all these matters is opposed to common observation and experience. If defendant does know the facts, and lacks the courage or the candor to declare them, he cannot expect any consideration from a court of justice. If, when he is served with the complaint, he is actually ignorant of any material fact which he ought to know, it is his duty to become informed before he files his answer. (*Mendocino County* v. *Peters*, 2 Cal. App. 28 [82 Pac. 1122].)''

It is readily apparent that defendants have no defense whatever to plaintiff's cause of action, and have made no showing of mistake, inadvertence, surprise, or excusable

neglect, as contemplated by section 473 of the Code of Civil Procedure.

The plaintiff is the father and also the guardian of Guy Haarer Brooks, the distributee of the Knapp estate, and the owner of the note in question, and if there was any defect in the designation of the party plaintiff it was certainly harmless as far as defendants were concerned.

If the entire matter be considered as within the discretion of the trial court, we are of the opinion that the court's discretion was properly exercised in denying relief to defendants.

The appellants lay great stress upon the fact that the judgment was not entered until June 19, 1925, when the default was entered November 29, 1924. This delay in no way prejudiced the rights of the plaintiff and conferred no rights upon the defendants, whose default had been regularly entered and had not been vacated. (*Christerson* v. *French, supra.*)

Other contentions made by defendants are without merit and do not require discussion. We think that there is no merit whatever in the appeal.

The order and judgment should be affirmed, and it is so ordered.

Finch, P. J., and Plummer, J., concurred.