[Civ. No. 6818. First Appellate District, Division Two.—June 26, 1929.]

MOSES LUBARSKY, Appellant, v. C. PAULINE CHA-VIS et al., Respondents.

W. F. Cowan and J. O. Kroyer for Appellant.

Wm. J. Hayes and Chas. H. Patterson for Respondents.

THE COURT.—Plaintiff commenced this action to rescind an agreement by which he had purchased and entered into possession of a chicken ranch in Sonoma County. Defendant agreed to sell and plaintiff agreed to buy certain described real property for $11,000, payable as follows: $2,000 cash and "the balance in five years from date; such balance to draw interest from date at the rate of five per cent per annum, interest payable semi-annually and if not so paid then to be compounded or at the option of the party of the first part the entire sum shall become immediately due and payable without notice in which event the amounts already paid shall be forfeited and shall become the property of party of the first part as compensation for the use and occupation of said premises and party of the second part will forfeit all right, title or interest in or to said payments or to said property under this contract.

"Party of the first part covenants that the payments being made as herein agreed that she will when the full sum

is paid execute a good and sufficient deed conveying said property to party of the second part; . . .

"Party of the second part shall have immediate possession of said premises.

"Party of the second part shall pay all taxes or assessments of whatever nature which are now a lien or which may hereafter become a lien upon said premises and shall maintain fire insurance upon the house to the extent of three thousand dollars ($3,000.00)."

The grounds for rescission were stated in two causes of action. The first was failure of consideration in several particulars and the second for fraudulent misrepresentations inducing the making of the contract. To this complaint defendant demurred and at the same time answered and filed a cross-complaint asking for judgment against the plaintiff for the termination of his interest in the contract and to quiet defendant's title to the property on account of plaintiff's nonpayment of installment payments of interest on the unpaid purchase price. Plaintiff thereupon demurred to the cross-complaint. The demurrer is plainly labeled "demurrer to cross-complaint" and the body of the demurrer leaves no doubt whatever that the plaintiff well understood the cross-complaint to be a cross-complaint and not merely an affirmative defense in the answer. The demurrer was overruled and the plaintiff was given ten days to answer the cross-complaint. Plaintiff failed or refused to answer. Defendant thereafter gave notice of motion for judgment upon the pleadings upon the ground that plaintiff had confessed the cross-complaint by default. This motion was granted by the court and defendant was given judgment quieting her title to the ranch and terminating plaintiff's interest in the ranch under the contract. The plaintiff appeals from this judgment.

We think there is no doubt that the defendant's cross-complaint was in fact a cross-complaint demanding an answer from the plaintiff. Plaintiff understood it as such as shown by the wording of his demurrer thereto. The subject matter of the cross-complaint also clearly showed it was a cross-complaint and not merely an answer. It asked for an affirmative judgment. The matter it set up was not merely by way of defeating plaintiff's cause of action.

Plaintiff's failure to answer the cross-complaint confessed the allegations therein. The cross-complaint, how-

ever, did not tender any new issue except the allegation that plaintiff had failed to keep up his payments under the contract since a certain date. Plaintiff's complaint alleged the payment of the first semi-annual installment of interest on the unpaid balance of purchase price. The cross-complaint, however, alleged the nonpayment of the second semi-annual installment and this allegation was confessed by plaintiff's failure to answer the cross-complaint. ■ The plaintiff's admission of this fact did not deprive him of the right to have the other issues in the case tried, if in fact there were other issues material to a full determination of the rights of the parties under the contract. In *Langford* v. *Langford,* 136 Cal. 507 [69 Pac. 235], it was said: ''The failure of the plaintiff to answer the cross-complaint did not deprive him of the right to establish the cause of action set forth in his complaint. A verdict upon the cross-complaint in favor of the defendant would not, *ipso facto,* extinguish his claim against her or defeat his right to have the issue thereon determined. Each of the parties was seeking a money judgment against the other, and if the defendant should establish her claim upon the cross-complaint the court would enter judgment in favor of the one who should establish the greater claim, but only for the difference between the two.'' (See, also, *Brooks* v. *White,* 22 Cal. App. 719 [136 Pac. 500].) It is the claim of plaintiff and appellant that there were such issues because his complaint stated a cause of action for rescission upon the ground of fraud and upon the ground of failure of consideration. This case presents a strong analogy to *Langford* v. *Langford, supra.* Here both parties were asking for a termination of the contract—the defendant on account of alleged breach and the plaintiff on account of alleged fraud and alleged failure of consideration. The correct ultimate judgment between the parties could not be arrived at until the issues tendered by the complaint were decided. Those issues would determine whether plaintiff could recover back the money paid or would forfeit it.

The briefs contain no argument upon the sufficiency of the cause of action stated in the complaint for rescission on the ground of fraud. It seems to be sufficient. ■ The cause of action upon the ground of failure of consideration contained allegations of unfulfilled representations some of

which are insufficient in amount or materiality to amount to such a failure of consideration as would entitle plaintiff to rescind or furnish him an excuse for not keeping up the payments. These allegations include failure to deliver one automobile of the value of $300, shortage in the agreed number of chickens, defective quality of the chickens, defective condition of pipe and water supply and the like. These things represent breaches of contract rather than failure of consideration. An action for such breaches of contract must be supported by allegation and proof of performance of the contract upon the part of plaintiff. ▮ In an action for rescission, however, upon the grounds of failure of consideration or fraud plaintiff need not show that he has kept up the payments required of him by the contract. (*De Barios* v. *Barlin*, 46 Cal. App. 665, 674 [190 Pac. 188].) These representations, however, are repeated in the cause of action upon fraud. There was also a more material allegation of failure of consideration in the complaint. It was alleged that there was a dwelling-house on the purchased ranch of the value of $3,000, which was a material part of the agreement and which burned after the making of the contract through no fault of the plaintiff. It was also alleged, rather imperfectly, that defendant had collected $3,000 insurance, but failed to credit plaintiff with that amount or to reconstruct the dwelling. It was alleged that defendant agreed to keep the building insured and to reconstruct it in case of loss by fire, but the contract of purchase which was annexed to the complaint as an exhibit, contained a provision that plaintiff should maintain $3,000 fire insurance upon the house. The complaint, however, does not allege who bought the insurance which is alleged to have been collected by defendant.

In *White* v. *Gilman*, 138 Cal. 375 [71 Pac. 436], it was held that both vendor and vendee under an executory contract for the sale and purchase of real property had an insurable interest in the improvements and that the insurance money in case of fire belonged to the one who had bought the insurance. If the complaint here sought only the insurance money the plaintiff should show that he purchased the insurance, but he also claims the right to rescind on account of the destruction of the building regardless of insurance.

In *Conlin* v. *Osborn,* 161 Cal. 659 [120 Pac. 755], it was held that the vendee was entitled to rescind for failure of consideration upon the destruction by fire of the improvements upon the real property agreed to be purchased. The purchaser there had not taken possession, and the final documents effecting the transfer had not been made and delivered, but the vendee had paid a large deposit and the vendor had agreed to the terms of the sale. The transaction was awaiting examination of title. The vendor had not yet delivered possession but that fact has not been considered a distinguishing circumstance in California. The case has been followed where the vendee was in possession and where title had not passed.

In *Kirtley* v. *Perham,* 176 Cal. 333 [168 Pac. 351], the loss of personal property by destruction was held to fall upon the vendor who had retained title although the vendee had possession. In *Cooper* v. *Huntington,* 178 Cal. 160 [172 Pac. 591], the destruction of land by erosion was held to be ground for rescission for failure of consideration at the instance of the vendee in possession. This decision at page 166 makes it plain that the doctrine of the case of *Conlin* v. *Osborn, supra,* is not to be limited to where the vendee is not in possession. It was followed in *Wong Ah Sure* v. *Ty Fook,* 37 Cal. App. 465, 469 [174 Pac. 64], *La Chance* v. *Brown,* 41 Cal. App. 500 [183 Pac. 216], and *Ogren* v. *Inner Harbor Land Co.,* 83 Cal. App. 197, 200 [256 Pac. 857]. (See, also, *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, 334 [25 L. R. A. (N. S.) 609, 104 Pac. 432]; *Smith* v. *Phoenix Ins. Co.,* 91 Cal. 323 [25 Am. St. Rep. 191, 13 L. R. A. 475, 27 Pac. 738]; 22 A. L. R. 575, 578, note; Civ. Code, sec. 1689, subd. 4.)

In the case at bar the clause in the written contract requiring the vendee to keep the building insured and the allegation in the complaint that the vendor agreed to keep the building insured give rise to uncertainty, but that uncertainty relates to the plaintiff's claim for the insurance money or credit for the same. ▮ The · complaint is still broad enough to present the issue of right of rescission upon the ground of failure of consideration caused by the destruction of the $3,000 building on the property the total purchase price of which was $11,000. The building must be held to have been a material part of the inducement and consideration of the contract and it is so alleged in the complaint.

We conclude, therefore, that the plaintiff's complaint tendered a good issue of fraud and a good issue of failure of consideration which, if supported by evidence, would entitle plaintiff to rescind the agreement and recover back the money paid. If the plaintiff had the right of rescission upon either of these grounds he was not obliged to keep up his payments under the contract. His failure to keep up his payments would not bar his right of rescission on these grounds. (*De Barios* v. *Barlin, supra.*)

The plaintiff's confession by default of the allegations of the cross-complaint did not, therefore, negative his cause of action set out in his complaint. Defendant was not entitled to judgment upon the pleadings because the issues made by the complaint and answer thereto if decided in favor of plaintiff would entitle plaintiff to judgment notwithstanding all the allegations of the cross-complaint be true.

The plaintiff's notice of rescission offered in writing to return and restore to defendant everything of value received by him upon condition that defendant restore to him everything received by defendant in said transaction. After this offer in writing the pleadings do not show that plaintiff remained in possession of the property in such a manner as to waive his right to rescind. He was not obliged to allege that he had abandoned it.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1929.

All the Justices present concurred.