[Civ. No. 8463.   First Appellate District, Division One.—May 27, 1932.]

JOHN A. VAUGHAN CORPORATION (a Corporation), Appellant, v. TITLE INSURANCE & TRUST COMPANY (a Corporation) et al., Respondents.

710

F. E. Davis for Appellant.

Elbert W. Davis and J. H. Hoffman for Respondents.

GRAY, J., *pro tem.*—In an action against respondent Pan American Bank, the payee of appellant's note, secured by a deed of trust, respondent Title Insurance and Trust Company, the trustee named in such deed of trust, and respondents Edward Rainey, State Banking Commissioner, and A. Q. Robison, his deputy, then liquidating said bank, to restrain the threatened foreclosure of said deed of trust upon the ground that the debt had been overpaid, appellant recovered a default judgment against all respondents. Upon respondents' motion supported by affidavits of respondent Robison and their attorneys' jointly, and accompanied by their verified answer, raising material issues, and without counter-showing by appellant, such judgment was vacated on the very day upon which respondents first learned of its rendition. This appeal from the order of vacation questions the sufficiency of the affidavit of merits and the affidavits purporting to show excusable neglect or mistake.

These objections must be decided in the light of the following legal principles:

"An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application, to the end of

securing a trial upon the merits. The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing, an application to open a default. Indeed, the cases in which this court has held that such relief was improperly granted are very rare, while in a number of instances an order refusing to open the default has been reversed." (*Jergins* v. *Schenck,* 162 Cal. 747, 748 [124 Pac. 426].)

■ "Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default." (*Berri* v. *Rogero,* 168 Cal. 736, 740 [145 Pac. 95, 97].)

■ Conceding the correctness of appellant's contention that no sufficient affidavit of merits was filed, that objection is not fatal because such deficiency is removed by the denials of the verified answer. (*Salsberry* v. *Julian,* 98 Cal. App. 638 [277 Pac. 516].)

■ The defaults of the bank, the banking commissioner and the latter's deputy were entered upon the assumption that the signing by their attorneys of a written stipulation providing for a continuance of the hearing upon a temporary restraining order and the filing of an affidavit in opposition to the continuance of such restraining order constituted a general appearance. The statement in the attorneys' affidavit that they did not intend by such acts to enter a general appearance sufficiently shows their mistake of law from the effect of which the trial court properly relieved their clients. (*Jones* v. *Southern Pac. Co.,* 71 Cal. App. 773 [236 Pac. 336]; *Davenport* v. *Superior Court,* 183 Cal. 506 [191 Pac. 911]; *Waite* v. *Southern Pac. Co.,* 192 Cal. 467 [221 Pac. 204].)

■ The default of the trustees was entered for failure to answer after personal service of the summons and complaint. The attorneys' affidavit merely states that they were informed and believed that the trustee expected them to appear for it and that they believed it would appear by its own counsel. Appellant's criticism that the facts upon which such beliefs were founded should have been

stated is well taken. However, the trial court had the right to examine the complaint and the verified answer in passing upon the motion. From these, it appears that this respondent was merely a trustee, that the other respondents were the real parties in interest, and that the issues to be tried were the same as to all respondents. These circumstances are sufficient support for the order, so far as this respondent is concerned. (*Montijo* v. *Sherer & Co.*, 5 Cal. App. 736 [91 Pac. 261].)

The order is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.